# SUPREME COURT.

## EDWARD LYKE agt. RENSSELAER POST and others.

*Pleading — When not indefinite or uncertain — When motion at special term requiring an answer to be made more definite and certain will be denied — Election of causes of action.*

In an action brought for the foreclosure of a purchase-money mortgage, the defendant alleged in his answer fraud and deceit in the sale to him of the premises in question concerning the lien of a judgment affecting said premises, and demanded judgment for a cancellation of said mortgage, and a recovery by him of the amount paid thereon; or that the amount of the judgment be deducted from the amount of the mortgage. On a motion to have the answer made more definite and certain:

*Held,* that the motion should be denied. That a suggestion to the court of the various reliefs to which a party may be entitled upon his facts does not make the pleading either indefinite or uncertain. (*This is adverse to Fuulks* agt. *Kamp,* 40 *Superior Ct. Rep.,* 70.)

*Kingston Special Term, November,* 1882.

THE action was brought for the foreclosure of a purchase-money mortgage. The defendant Renesslaer Post, in his answer, alleged fraud and deceit in the sale to him of the premises in question, concerning the lien of a judgment affecting said premises, and demanded judgment for a cancellation of said mortgage and a recovery by him of the amount paid thereon, or that the amount of the judgment be deducted from the amount of the mortgage. The plaintiff moved at special term for an order requiring "the answer herein to be made more definite and certain, that is to say, that the defendant Rensselaer Post be required to allege in his said answer by apt and proper allegations, so that it shall clearly appear whether the said defendant elects to rescind and hold void the said purchase of real property, concerning which his said answer relates, or whether he elects to affirm the said purchase and seek to recoup, set-off or counter-claim against the

Lyke agt. Post.

sum due and owing upon the said bond and mortgage the amount of his alleged damages by reason of the alleged false and fraudulent representations, as set forth in his said answer."

*R. V. W. Du Bois*, for plaintiff.

*Hawver & Cochrane*, for defendant.

WESTBROOK, *J.*— This motion has the authority of *Faulks* agt. *Kamp* (40 *Superior Ct. Rep.*, 70) to make it. I cannot, however, follow that case. The defendant does not set up two defenses and jumble them together. He spreads before the court all the facts, and submits to the court the question of relief, whether it shall be a cancellation of the mortgage and a return of his money with interest, or a credit upon and deduction from the mortgage of the amount due upon the judgment. This makes the defense no more uncertain than the prayer for relief in the complaint in an equitable action, when the plaintiff, after claiming specific relief, also asks for such other or further relief as he may be entitled to. A suggestion to the court of the various reliefs to which a party may be entitled upon his facts does not make the pleading either indefinite or uncertain.

Motion denied, without costs, as plaintiff has the authority of a reported case to make it.