# PRACTICE REPORTS.

## SUPREME COURT.

JOHN W. VELIE agt. THE NEWARK CITY INSURANCE COMPANY
and JOHN A. THOMPSON.

*Practice in pleading— Complaint may state several grounds or reasons for the
relief demanded,. or may be framed to meet the contingencies of the trial..*

A plaintiff may in his complaint state several grounds or reasons for the
relief demanded;. and he also may, where there is some uncertainty as-
to the exact ground of recovery, so frame his complaint as to meet the·
contingencies of the trial.

Where a plaintiff has really ten distinct and separate reasons for the
obtainment of the relief demanded in the complaint, and states each one
therein separately and plainly, or where the plaintiff and his attorney
are somewhat uncertain as to the exact ground of recovery the proof
may afford, and therefore frame a complaint for the recovery of a single
claim in several distinct counts or statements so as to meet the proof,. an
election will not be compelled.

*Ulster Special Term, February,* 1883.

MOTION by defendant to compel the plaintiff to elect between
two separate statements of a single cause of action, and also
to state the interest of the defendant Thompson in the
insured property with more certainty and definiteness in the
complaint..

*G. A. Clement,. for* insurance company and motion.

*John J. Linson,* for plaintiff and opposed.

WESTBROOK, *J.* — The plaintiff John W. Velie, as the·
assignee of Giles W. Cowley, seeks to recover of the defend--
ant, The Newark City Insurance Company, the sum of $1,250,.
with interest from January 4, 1882, that being a portion of
the loss which Cowley is alleged to have sustained in the·

destruction by fire of certain property of which he was then
the owner.

The complaint states separately two grounds or reasons for
the liability of the Insurance Company: First. That such
defendant, in consideration of twenty-five dollars paid to it by
said Cowley, issued to him its policy of insurance by which it
agreed to insure him for the term of one year from Decem-
ber 24, 1881, against loss or damage by fire upon certain
property described in the policy and fully set out in the com-
plaint to the amount of $1,250; and, second. That the said
Insurance Company by its duly authorized agents, Messrs.
Ogden & Little, of Middletown, Orange county, New York,
on or about December 24, 1881, for a consideration agreed to
be paid by the said Cowley, promised and contracted to insure
the said Cowley against loss or damage by fire to the same
property to the extent of $1,250 for the period of one year
and to issue its policy therefor.

The complaint also avers that by the policy of insurance the
loss, if any, was "first payable to John A. Thompson, mort-
gagee, as interest may appear;" that Cowley was the sole
owner of the property insured and destroyed, both at the time
of its insurance and of its destruction by fire on January 4,
1882, subject, however, to a mortgage thereon owned by the
defendant Thompson to secure the payment of $2,250; and
that the Insurance Company has not paid the amount of the
insurance to Thompson, nor has Thompson brought any suit
to recover the same, and that the company refuses and neg-
lects to make such payment.

The Insurance Company by this motion asks: First. That
the plaintiff shall be compelled to elect and decide whether he
will rely for a recovery upon the written policy of insurance,
or upon the agreement to insure and to issue a policy; and,
Second. That the complaint should state more definitely and
certainly the interest of Thompson in the insured property.
Should the relief asked, or any part thereof, be granted?

The question which the application to compel the plaintiff

Velie agt. Newark City Insurance Company.

to elect between the two grounds of recovery stated in the complaint presents is this: When a plaintiff has really two distinct and separate reasons for the obtainment of the relief demanded in the complaint, and states each one therein separately and plainly, or where, as is probably the case in this instance, the plaintiff and his attorney are somewhat uncertain as to the exact ground of recovery the proof may afford, and therefore frame a complaint for the recovery of a single claim in several distinct counts or statements so as to meet the proof, should an election be compelled?

In the discussion of this question it must be admitted that the defendant has several reported cases which support his proposition (*Gardner* agt. *Sock*, 2 *N. Y. Civil Pro. R.*, 252; *Comstock* agt. *Hoeft*, *N. Y. Monthly Law Bulletin* [*vol.* 1], 43; *Dickens* agt. *N. Y. Central R. R. Co.*, 13 *How.*, 228). Some of the reported cases were rightly decided upon other grounds than that which holds that a party plaintiff must be limited to a single statement of facts giving him a right to the relief demanded, when in truth there are other facts also entitling him to such relief, or when more than one statement is necessary to meet any contingency of the trial. The soundness of the rule compelling an election has never favorably impressed me, and reflection upon the present motion has fully confirmed those impressions. In the discussion of a legal problem there generally are several reasons tending to a certain conclusion, all of which counsel in argument would present; and so in the trial of a cause there generally are distinct and separate lines of fact tending to give the same one relief asked which a careful pleader should embody in the complaint. It would seem to be absurd for a judge to limit counsel to the presentation of a single reason upon the argument of a legal proposition; and to me, at least, it seems equally absurd to limit a party to the statement in his complaint of one line of facts establishing his right of recovery when he has really several, or when the court can plainly see, as it can in this case, that different averments are proper

to meet an emergency of the trial which cannot be foreseen prior to its occurrence. Take, for instance, the case of a party who is the heir-at-law of a deceased testator, seeking, under section 1537 of the Code, to partition and to recover property held under an alleged will. The reason which he assigns in his complaint for a recovery is that the apparent devise, under which the property is held, is void, because : First. The testator was legally incompetent to make a valid will. Second. That the instrument alleged to be a will, was procured by fraud and under influence ; and Third. That the execution thereof was insufficient and defective. In a case like the one just put, or in one like that before us, in which it is often very difficult to decide whether a policy of insurance has actually been issued, or whether there has been only an agreement for insurance and for a policy, can any good reason be adduced for compelling the plaintiff in advance of a trial, or even at the trial, to elect upon what ground he will stand and present his case ? If either or both are tried, the proof upon each ground of recovery stated may be close and conflicting. A jury of twelve men may be divided in opinion as to which one is established, while all may unite, some for one reason and some for another, in the conclusion that the plaintiff is entitled to recover. If, under such circumstances as have been stated, an election is compelled, justice may fail and wrong succeed. It is no answer to this argument to say that if the plaintiff is unsuccessful another action can be brought setting up a ground of recovery not pressed upon the first trial. The right to bring a second action for the same subject matter, though for a different cause, is more than doubtful ; but even though the judgment in the first action is no bar to the second, why should a party fail in the relief to which he is in fact entitled, and which he would have obtained on the first trial if he had been allowed to state his entire case in the complaint and be subjected to the delay, cost and vexation of a new trial, by the adoption of a rule which limits the complaint to the statement of a single

reason or ground for a recovery. The second trial, too, might fail, if the issue was limited by the court compelling an election, because twelve men could not agree to sustain a recovery upon that single reason or ground. The practical effect of the rule is obvious. A plaintiff may often fail to obtain that which is his due, because he presents his grounds of recovery singly, when he might succeed if they were all presented in one suit; and often though he may succeed in the end, he has suffered in costs, delay and vexation, which could and should have been avoided. A defendant may present as many defenses as he has to a single claim, though, on the face of the answer, they may seem to be inconsistent, and no good reason can be given why a plaintiff may not present by his complaint as many different statements of distinct lines of fact as he has, or as he supposes himself to have, giving him the right to the relief which he asks. It undoubtedly is the interest of the defendant to limit the plaintiff in every action, as is now sought to be done by this motion, but as in the administration of justice every argument should be weighed and every pertinent fact considered, it cannot be conceded that on the trial of an issue of fact a plaintiff should be limited in his facts to a single ground of recovery, any more than upon the discussion of a legal problem, he should be limited to the statement of a single argument.

The point which has been discussed is not new to the judge writing this opinion. In *Talcott* agt. *Van Vechten* the plaintiff sought to make the defendant liable for a debt due the former from "The Olcott Iron Company." The complaint alleged in two separate statements, two distinct lines of fact tending to make the defendant liable for that demand. On a motion made at special term to compel the plaintiff to elect between the two, such motion was denied upon the ground (stated in a memorandum) that it was "the right of the plaintiff to set forth all the facts which made the defendant liable," and that the statement of "two distinct grounds of liability" for "only one cause of action" was proper. On appeal to the

Velie agt. Newark City Insurance Company.

general term of the third department, this decision was affirmed (25 *Hun*, ·565). In this department the question argued must therefore be deemed settled.

Perhaps one other thought on this point may be separately added, though it has already been suggested. It is impossible for a party or his counsel to know in advance of a trial the exact facts of a case. It is often difficult in an action like the present to determine whether there was an actual insurance, or a simple agreement to insure and deliver a policy. There may be danger in presenting the case upon a single ground, while a recovery may be certain if the plaintiff is allowed to present both. Many other cases of like uncertainty will readily occur to the mind of a practicing lawyer. Why, it may well be asked, unless justice is to be hampered, should a party be compelled to do that which may result in his defeat, when justice and right require his success? So to construe and interpret the Code defeats its entire object, which was to simplify and make easy, and not to perplex the administration of justice. Precisely this view of this question was taken many years ago by judge Cowles, with the concurrence of the judges of the general term, in *Jones* agt. *Palmer* (1 *Abb. Pr. R.*, 442), and it seems to be so clearly right as to preclude discussion.

. But a single word need be added upon the second application, that to compel a more definite statement as·to the interest of John A. Thompson in the insured property. It is difficult to see how the complaint could be made more explicit in that particular. It is distinctly stated that he held a mortgage at the time of the fire to secure the payment of $2,250. What effect, if any, this fact may have upon the rights of the plaintiff is not before me, and. is not determined. The allegation is definite, certain and clear, and cannot be made more so by additional averments.

The motion of the defendant must be denied, but without costs, as the moving party is sustained in its practice by several adjudged cases.