SCHUYLER *et al. v.* PECK.

*(City Court of New York, General Term.* February 26, 1890.)

PLEADING—COMPLAINT—UNNECESSARY REPETITION.

A complaint contained two counts,—one for goods sold and delivered at the agreed price of $239.36, and the other for goods of the value of $210.74, delivered on the or-

der of defendant. Judgment was rendered for the latter amount. *Held,* that there was no unnecessary repetition, within the meaning of Code Civil Proc. N. Y. § 481, providing that the facts constituting the cause of action should be set out without "unnecessary repetition."

Appeal from special term.

An action by Walter G. Schuyler, and mother against Nathan Peck. The complaint contains two counts,—one for goods sold and delivered at the agreed price of $239.36, and the other for goods of the value of $210.74, delivered on the order of the defendant. The prayer for relief demands judgment for $210.74. The defendant moved to compel the plaintiff to elect on which count he would rely. The motion was granted, and the plaintiffs appeal.

Argued before McADAM, C. J., and EHRLICH, J.

*Brown & Dexter,* for appellants. *G. S. Hamlin,* for respondent.

PER CURIAM. The Code requires that the complaint shall contain a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition. Code, § 481. Repetition to secure the rights of the party, or prevent injustice, is not forbidden. The evil aimed at is unnecessary reiteration, and not repetition made necessary by the peculiar circumstances of the case. Judge Gould, in his work on Practice, (4th Ed. p. 159, § 5,) says: "The plaintiff has, in every case, a right to insert in his declaration as many counts, each one being in itself single, as he pleases; and in actions on the case, especially in *assumpsit,* it is the usual practice to insert, though often unnecessarily, two or more. But, where counts clearly superfluous are inserted, they may, in the English practice, be struck out by order of the court, and the plaintiff be compelled to pay the costs." Following this practice, our Code, § 545, gives ample power to suppress all unnecessary repetition in pleadings, by striking out all irrelevant and redundant matter. In an action brought by a receiver of an insolvent and dissolved corporation upon a promissory note given to the corporation, the plaintiff, in the first count of the complaint, alleged that the note was executed and delivered to the company, by the defendant, as and for a part of its capital stock. The second count was upon the same note, alleging it to have been given for the premium upon a policy of insurance, and as an agreement to contribute ratably to the losses and expenses of the company; and it was held that the complaint was not unnecessarily repetitious in its statements, and did not violate any provision of the Code. An order, made at special term, requiring the plaintiff to elect upon and for which of the two causes of action he would proceed, was therefore reversed. *Birdseye* v. *Smith,* 32 Barb. 217. The plaintiff may, in his complaint, state several grounds or reasons for the relief demanded; and he also may, where there is some uncertainty as to the exact ground of recovery, so frame his complaint as to meet the contingencies of the trial. *Velie* v. *Insurance Co.,* 65 How. Pr. 1. The object of the Code was to simplify the practice, and make it easy,—not to perplex the administration of justice. Id. 6. In an action wherein the complaint contained two counts,—one on a special contract to pay $2,563.35 for certain work, and the other to recover the reasonable value thereof, fixed at the same sum,—an application was made to compel the plaintiff to elect on which count he would rely. The application was denied, and the order was affirmed upon appeal. *Longprey* v. *Yates,* 31 Hun, 432. In the present case the plaintiff may fail on the first count, and recover on the written order set out in the second, or *vice versa.* At all events, we think the ends of justice will be best promoted by allowing the two counts to stand. There is sufficient dissimilarity between the counts and the proof required to sustain them to relieve the pleading from the charge of unnecessary repetition. For these reasons the order appealed from will be reversed, with costs.