## AMERICAN ENCAUSTIC TILING Co., Limited, v. REICH.

(City Court of New York, General Term.   December 1, 1890.)

1. PLEADING—ELECTION.

Where, in an action for work done on defendant's house, plaintiff alleged both the price agreed on and the reasonable value, he should not be compelled to elect; there was nothing inconsistent in the two claims.

2. EVIDENCE—RELEVANCY.

In an action for work done on defendant's house, testimony that defendant's ar-. chitect was his agent in respect of other work done on the house is competent to show ιgency of the architect in respect of the work done by plaintiff.

3. APPEAL—REVIEW—HARMLESS ERROR.

Exclusion of questions to a witness is not ground for reversal where they were . subsequently put and answered without objection.

Appeal from trial term.

Action by the American Encaustic Tiling Company, Limited, against Lorenz Reich, for work done by plaintiff upon a house owned by defendant. The jury found a verdict for plaintiff.   From the judgment for plaintiff entered on the verdict, defendant appeals.

Argued before McADAM, C. J., and EHRLICH and FITZSIMONS, JJ.

Abram Kling, for appellant.   C. A. Flammer, for respondent.

PER CURIAM.   The case was fairly submitted to the jury on evidence which fully justifies the result arrived at by them.   The exceptions alone require consideration here.

1. The plaintiff alleged and proved both the price agreed upon and the reasonable value. It had the right to set out and prove two or more separate and distinct reasons for obtaining the relief it asks, and an election will not be compelled; any exception bearing on that subject is of no avail. *Velie* v. *Insurance Co.*, 3 Civil Proc. R. 202; *Schuyler* v. *Peck*, 8 N. Y. Supp. 849. There is nothing inconsistent in the two claims that the defendant agreed to pay a certain price, and that the work is worth the same price; and in an action for the price it is competent to prove the value. *Goetz* v. *Van Au*, 12 Civil Proc. R. 104, and note. And see *Fells* v. *Vestvali*, * 41 N. Y. 152.

2. We find no error in admitting the testimony of Curtis, tending to prove that Schellinger was the defendant's agent in respect to the work done on the same house on which the plaintiff's labor was performed. Schellinger was the defendant's architect. The cases cited by the defendant holding evidence to be incompetent which tended to show that on prior occasions, and in other transactions, the party acted as agent, hardly apply to the case at bar, in which the party acted as architect on the very work upon which the plaintiff · was engaged.

3. The exceptions to the refusal of the court to allow defendant's counsel to interrogate Schellinger as to what became of certain old material is without merit. No statement was made by counsel to indicate the relevancy of the testimony, it was not within the issues raised by the pleadings, and the questions were apparently immaterial. In addition to this, the questions were subsequently put and allowed to be answered without objection. Upon the entire record, we find that no error was committed to the prejudice of the defendant, and hold that the judgment appealed from must be affirmed, with costs.