(16 Misc. Rep. 25.)

## NEWCOMBE v. HYMAN.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

1. APPEAL—HARMLESS ERROR.

 In an action for professional services, the admission in evidence of books of account showing the services, without the proper foundation being laid therefor, is harmless error, where defendant admits the services were rendered as charged.

2. EVIDENCE—ADMISSIONS AGAINST INTEREST.

 In an action on a quantum meruit for services rendered, evidence that defendant agreed to pay a certain sum in settlement of the bill is competent, as an admission against interest by defendant, to prove the value of the services.

3. WITNESS—CREDIBILITY—RELATION TO PARTY.

 A partner of defendant is not a disinterested witness, so as to require the jury to believe his testimony, though uncontradicted and in no way discredited.

4. SAME—PARTY AS WITNESS.

 In an action by an administrator to recover for services rendered by his decedent, testimony of defendant, though uncontradicted, as to payment, is not conclusive on the jury, where, on trial, neither the absence of the receipt for such payment nor the check on which the money to make the payment was claimed to have been procured was satisfactorily accounted for, and defendant admitted that the date of the payment as sworn to in his answer was false.

Appeal from city court of New York, general term.

Action by Ida M. Newcombe, executrix, etc., of Richard S. Newcombe, against Samuel P. Hyman. From a judgment of the general term affirming a judgment for plaintiff entered on a verdict (35 N. Y. Supp. 1026), defendant appeals. Reversed, unless plaintiff stipulates to reduce damages.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Epstein Bros., for appellant.

Booraem, Hamilton, Beckett & Ransom, for respondent.

McADAM, J. The action was to recover $500 for professional services rendered to the defendant by the late law firm of Donohue, Newcombe & Cardozo. By reason of the death of Mr. Newcombe, the firm dissolved July 26, 1891; and, in settling the affairs of the partnership, the claim in suit was transferred to the widow of Mr. Newcombe, as his executrix, and in that capacity she sues to recover the sum claimed.

The bill representing the claim is in these words:

              "15 April, 1889.

  "S. P. Hyman, Esq., to Donohue, Newcombe & Cardozo, Dr.

"1888.  August, September, and October.

 "To professional services in the matter of your accounting as assignee of J. S. Cohen & Co.; attendances on references and motions; your arrest; pro-

ceedings in district attorney's office and before grand jury; negotiations for settlement; taking releases; assignments; and final adjustment......$500."

No items other than those which appear in the bill were furnished, nor do the books of the firm give much more information. The books of the firm were received in evidence under objection and exception. They merely showed the rendition of the services, and, as that was practically conceded by the defendant, their admisssion, even if erroneous under the preliminary proofs offered, did him no injury, and the exception to their admission is of no importance.

The only serious exception in the case is that taken to the absence of proof of reasonable value. The charge made in the books was merely the estimate of value which Mr. Newcombe placed upon his services, to the accuracy of which the defendant does not seem to have in any manner assented. The mere rendition of the bill did not conclude either party on the question of value. Williams v. Glenny, 16 N. Y. 389.

The defendant claims that, though he never formally objected to the bill, he never assented to the amount of the charge. He testified (without objection) that he called upon Mr. Newcombe, and offered him $250 in settlement of the bill, and that they finally agreed on $300. This is the only evidence establishing value in the case. It is available to the plaintiff as an admission against interest made by the defendant (Cook v. Barr, 44 N. Y. 156); and this though the action is on a quantum meruit, and not to recover the agreed compensation (Fells v. Vestvali, *41 N. Y. 152; Goetz v. Van Au, 12 Civ. Proc. R. 104, and note; Tiling Co. v. Reich [City Ct. N. Y.] 11 N. Y. Supp. 776).

The defense was payment. In the answer the defendant swore that the payment was made on or about April 15, 1889, and on the trial testified that the time was February, 1891, and that what he had sworn to in the answer was false. There were other statements in his story which made it improbable; and, being interested in the result, the jury were under no obligation to believe his testimony. Mr. Maas, who undertook to corroborate the statement as to payment, was a partner of the defendant, and not disinterested to such extent as to require the jury to believe the evidence he gave. Kavanagh v. Wilson, 70 N. Y. 177, and kindred cases. It is only where a witness who is disinterested and in no way discredited testifies to a fact within his knowledge, which is not of itself improbable or in conflict with other evidence, that his testimony must be believed. Arms v. Arms, 13 N. Y. St. Rep. 196; Lomer v. Meeker, 25 N. Y. 361; Elwood v. Telegraph Co., 45 N. Y. 549; Kelly v. Burroughs, 102 N. Y. 93, 6 N. E. 109. Considering the fact that neither the check upon which the money to pay the bill is said to have been procured, nor the receipt claimed to have been given by Mr. Newcombe when the alleged payment was made, was produced or its absence satisfactorily accounted for, the value of the testimony adduced by defendant was seriously impaired. It was certainly not of that demonstrative or impressive character likely to carry conviction to the minds of jurors, or which they are bound as of course to credit and adopt. The lips of the party to whom

the alleged payment was made were sealed in death, and the defendant was allowed every conceivable latitude to make out his defense, even to the extent of giving his own version of the transaction alleged to have been had with the testator in his lifetime.    The case was essentially one for a jury to determine, in the light of all the surrounding circumstances, giving proper weight to the interest of the parties testifying and the inherent probability or improbability of their stories.    It was not one where the court could have directed a verdict.    The jury had to reach a result from the evidence; they found against the defendant; and the trial judge and the general term of the court below have approved of the finding. We will assume, therefore, that the agreed $300 was not paid.

The difficulty with the verdict, however, is that the jury found in favor of the plaintiff for the entire amount of the bill ($500, with interest), instead of the value of the services as legally established. To correct this error, the judgment appealed from will have to be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless within 10 days the plaintiff stipulates to reduce the damages recovered in the court below to $300, with interest, in which event the judgment, as modified, will be affirmed, without costs upon this appeal.    All concur.

---

BUTLER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department.    February 26, 1896.)

APPEAL—AFFIRMANCE.
    In an action for injuries, where the evidence is conflicting, but is sufficient to warrant a finding that the injuries complained of were the result of defendant's negligence, and that plaintiff was free from fault, a judgment for plaintiff will be affirmed.

Appeal from Eleventh district court.