GAIR v. COHEN et al.

(Supreme Court, Appellate Term. February 24, 1899.)

1. CONTRACTS—ALTERATION—WITNESSES—JURY.
    Where the only testimony to a change in a contract was that of two interested, but unimpeached, witnesses, their credibility was for the jury.
2. VERDICT—CONFLICTING EVIDENCE—APPEAL.
    A verdict on conflicting evidence will not be disturbed on appeal.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Robert Gair against Julius M. Cohen and Isaac Cohen. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Alexander U. Zinke, for appellants.
Ralph S. Rounds, for respondent.

LEVENTRITT, J. The recovery in this action was had for goods sold and delivered. The defendant pleaded sale according to sample, and breach of warranty. The subject-matter of the action was a thousand show cards, which the plaintiff agreed to manufacture and deliver in accordance with a written order contained in the following letter addressed to him by the defendants, under their business style of "Boston Co-operative Association":

"New York, Feb. 28, 1898.

"Mr. Robert Gair—Dear Sir: Please make one thousand B. C. A. show cards (black cardboard,—similar cardboard as Brunswick sign, we herewith submit), style of lettering and work similar to your El Mentado show card, with easel and cord attachment, for one hundred and twenty dollars; terms,

60 days. Subject, first, however, to the approval of the better-finished pencil sketch; and, second, subject to approval of first imprint from dies in colors.
"Yours, resp'y,                                Boston Co-operative Association,
                                                    "J. M. Cohen."

The plaintiff, on the next succeeding day, transmitted to the defendants a written acceptance of the foregoing order. There was introduced upon the trial, without objection, evidence respecting interviews and conversations had between one of the defendants and a representative of the plaintiff, which, being prior to the contract, was incompetent. The agreement between the parties having been reduced to writing, the conflict in the testimony as to what transpired at those interviews must be disregarded.

The defendants contend that, subsequent to the making of the contract, they imposed certain additional conditions, to which the plaintiff assented, one of which was that the plaintiff's name should not appear on the cards. If the uncontradicted testimony of disinterested witnesses, who were in no wise discredited, had demonstrated the existence of that condition, and its subsequent violation, there would be force in the argument that there should have been judgment for the defendants. Lomer v. Meeker, 25 N. Y. 361; Elwood v. Telegraph Co., 45 N. Y. 549. In the case at bar, however, the only evidence introduced in support of this addition to the agreement is that of one of the defendants and their employé, both interested witnesses; and, even conceding that their testimony was unimpeached, it was for the jury to determine their credibility. Kavanagh v. Wilson, 70 N. Y. 177; Bank v. Diefendorf, 123 N. Y. 191, 25 N. E. 402; Newcombe v. Hyman, 16 Misc. Rep. 25, 37 N. Y. Supp. 649. Respecting the existence of the other subsequent conditions, there was a conflict in the testimony, which was determined in favor of the plaintiff.

As to the performance of the original conditions, the plaintiff sought to prove compliance; the defendants, noncompliance. The approved samples, mentioned in the agreement and in accordance with which the work was to be done, were introduced in evidence, as well as cards finished and delivered in alleged conformity with the contract. The jurors, thus assisted in their deliberation by ocular demonstration, were fully enabled to pass upon that controlling issue.

We have made a most careful examination of the record, in the light of the able and ingenious brief of the appellants' counsel, but discover only a sharp conflict in the evidence, which the jury resolved in the plaintiff's favor, and which, under the uniform practice of this court, we cannot disturb. The appellants predicate error on the exclusion of certain testimony. None of the rulings challenged, however, is open to criticism.

The judgment must therefore be affirmed, with costs to the respondent. All concur.