SEYMOUR v. WARREN et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

PLEADING—MOTION TO MAKE MORE DEFINITE—SEPARATE CAUSES OF ACTION.
     Under Code, § 546, providing that an order to make a complaint more definite and certain may be granted where the allegations are so uncertain that the precise meaning or application is apparent, such order will not be granted to compel the plaintiff to elect on which of two causes of action stated he will attempt to recover.

Appeal from special term, Queens county.

Action by Cornelia Seymour against Walter H. Warren and others. From an order denying a motion to make the complaint more definite and certain, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James J. Allen, for appellants.

Edmund L. Mooney (Frederick A. Card, on the brief), for respondent.

WILLARD BARTLETT, J. I think this motion was properly denied. It does not seem to me that the allegations of the complaint "are so indefinite or uncertain that the precise meaning or application thereof is not apparent," as required by section 546 of the Code, in order to justify granting such an application. The complaint states two separate and complete causes of action arising out of one transaction, and the purpose of the motion seems to have been to compel the plaintiff to elect in advance of the trial whether she would attempt to recover on the contract which she sets out or independently of the contract. The appellants find authority for such an application in the case of Faulks v. Kamp, 40 N. Y. Super. Ct. 70; but that decision is adverse to the view of the subject which has been taken in the supreme court. Longprey v. Yates, 31 Hun, 432; Blank v. Hartshorn, 37 Hun, 101; Lyke v. Post, 65 How. Prac. 298. The case last cited is a special term decision, but it is in harmony with the opinion in Velie v. Insurance Co., Id. 1, from which the general term of the Fifth department quotes approvingly in Blank v. Hartshorn, supra. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.