## LOGAN v. WHITLEY et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. ACTION (§ 38*)—JOINDER—SINGLE CAUSE OF ACTION.

A complaint, setting out that plaintiff's intestate and defendant's testator entered into a contract in contemplation of marriage, which provided that the former, if she survived the latter, should accept from his estate a specified sum in lieu of dower and of her distributive share of the personal property, and that on a date specified after the marriage the husband shot and killed the wife and then committed suicide, states only one cause of action, which was on the contract to pay the sum specified, either on the theory that the contingency had happened, or had been prevented by the wrongful act of defendant's testator.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 38.*]

2. HUSBAND AND WIFE (§ 31*)—MARRIAGE SETTLEMENTS—CONSTRUCTION.

An antenuptial contract, by which the wife agrees to take a specified sum if she survives her husband, in lieu of dower and her distributive share of the personal property, and that the husband shall hold all real estate which he then owned or might thereafter acquire free from any claim of dower inchoate or otherwise, is not wholly executory, and can be enforced against the estate of the husband, although the wife was killed by the husband, who then committed suicide.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 31.*]

Appeal from Special Term, Kings County.

Action by Ellen R. Logan, as administratrix, etc., of Elizabeth J. Whitley, deceased, against Frederic Nelson Whitley, individually and as executor of John Whitley, deceased, and another. A demurrer to the complaint was overruled, and defendants appeal. Affirmed.

See, also, 114 N. Y. Supp. 1134.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederic C. Seaman (Edward M. Grout and Paul Grout, on the brief), for appellants.

Fred L. Gross, for respondent.

MILLER, J. On the 19th day of February, 1903, the plaintiff's intestate, Elizabeth J. Logan, and the defendant's testator, John Whit-

ley, entered into a contract in contemplation of marriage, which provided that the former, if she survived the latter, should accept from his estate the sum of $10,000 in lieu of dower and of her distributive share of the personal property, and that the latter should hold all the real estate which he then owned or might thereafter acquire, free from any claim of dower, inchoate or otherwise, in consideration whereof the latter agreed that the former should be paid the sum of $10,000, "if she survive him as his lawful widow, as soon after his decease as may be practicable, and that said sum shall constitute a charge upon the entire estate, real or personal, of which he may die seised and possessed." Thereafter the parties to said contract intermarried. On November, 28, 1907, the husband shot and killed the wife and committed suicide. This action is brought by the personal representative of the wife to recover from the estate of the husband said sum of $10,000. The complaint in form purports to set forth two causes of action, containing like averments, except that, in the first, it is alleged that the wife survived the husband, and, in the second, that the condition or the contingency of the wife surviving the husband was prevented by the wrongful act of the latter in shooting and killing her. The defendants demurred to the entire complaint on the ground of misjoinder of causes of action, in that (1) a cause of action on contract was united with one in tort, and (2) that two inconsistent causes of action were united, and to the second cause of action on the ground that it did not state facts sufficient to constitute a cause of action, and the appeal is from an interlocutory judgment overruling said demurrer.

While in form the complaint purports to state two causes of action, the plaintiff has but one. Instead of stating the one cause of action under separate counts, the pleader has in form alleged separate causes of action. The cause of action is on contract, not in tort. The plaintiff seeks to recover on the contract the sum of $10,000, first, on the theory that the contingency upon which it was to be paid happened, and, second, on the theory that the happening of the contingency was prevented by the wrongful act of the defendants' testator. There is no such inconsistency between the two grounds of recovery as precludes their being joined in one complaint. The Code provisions respecting pleading were designed to prevent, not create, pitfalls, and to enable the parties to settle their differences in one suit. Where there are several distinct grounds upon which the plaintiff may recover on but a single cause of action, it is proper to allege under different counts each ground of liability, and the plaintiff cannot be compelled to take the hazard of an election. Velie v. Newark City Ins. Co., 65 How. Prac. 1; Blank v. Hartshorn, 37 Hun, 101; Seymour v. Warren, 71 App. Div. 421, 75 N. Y. Supp. 903; Shirley v. Bernheim, 123 App. Div. 428, 107 N. Y. Supp. 946. In this case the proof may show that the wife survived the husband, and it may show the reverse. In either event, the cause of action is the same; but, in the one case, the plaintiff will show the happening of the contingency upon which the payment was to be made, and, in the other case, that the happening of said contingency was prevented by the wrongful act of the defendants' testator. This is not a case where the plaintiff seeks to recover on distinct and irreconcilable claims, as where a cause of action on

a contract is joined with one in disaffirmance of it, and the like cases. See Edison Electric Illuminating Co. v. Kalbfleisch, 117 App. Div. 842, 102 N. Y. Supp. 1039; Kaufman v. Morris Building Co., 126 App. Div. 388, 110 N. Y. Supp. 663. The demurrer on the ground of misjoinder was properly overruled.

It is contended that the demurrer to the so-called second cause of action was improperly overruled for the reason that sufficient facts were not stated to constitute a cause of action. It is argued: That the $10,000 was not to be paid except on the contingency that the wife survived the husband; that it was intended to be in lieu of dower, and hence can only be recovered in case dower could have been recovered; that the defendants are not chargeable with the wrong of their testator; and that the plaintiff represents collateral heirs who are not entitled to enforce the contract.

While the plaintiff's intestate agreed to accept said sum of $10,000 in lieu of dower, that was not the sole consideration for the promise of the defendants' testator to pay her that sum. Her inchoate dower in the real estate owned by her husband at the time of the marriage or subsequently acquired by him was released. The marriage, as well as the other mutual covenants, formed part of the consideration. The contract was not wholly executory. So far as the plaintiff's intestate was concerned, it had been wholly executed, and she had become entitled to the sum of $10,000 upon the contingency that she survived her husband. That claim was in the nature of a debt against his estate. Matter of Baker's Estate, 83 App. Div. 530, 82 N. Y. Supp. 390, affirmed 178 N. Y. 575, 70 N. E. 1094.

A party to a contract cannot set up the failure of a condition caused by his own fault. Gallagher v. Nichols, 60 N. Y. 438; Risley v. Smith, 64 N. Y. 576. In this case, the happening of the contingency upon which the payment was to be made was prevented by the wrongful act of the promisor, and hence neither he nor those claiming under him can defeat an action on the promise by showing that the contingency did not happen. A party may not profit by nor take advantage of his own wrong. Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819. While that case is not precisely like this, the principle upon which it was decided is applicable. The appellants contend that the case is distinguishable by the fact that the defendants' testator benefited, not himself, but his estate. We are unable to perceive the distinction.

The plaintiff is not a volunteer, and the cases holding that collateral relatives, who do not come within the object of the consideration of a marriage settlement, cannot maintain an action to compel specific performance of it, have no application. The plaintiff does not claim as a beneficiary under the contract, but as the representative of her intestate.

The judgment should be affirmed, with costs. All concur.

GAYNOR, J. (concurring). Causes of action have to be consistent with each other to be united in the same complaint. Code Civ. Proc. § 484. The test of consistency is whether a recovery may be had on each. If, on the contrary, one cause, if recovered on, defeats the other

or others, or, if valid, shows the other or others to be void, they are inconsistent. Bliss on Code Pl. § 122. The two causes here alleged are obviously inconsistent; they cannot both be recovered on; recovery on one would defeat the other. But although the pleader has expressly pleaded a first and a second cause of action, the fact is there is but one on the facts alleged, and only one should have been in form pleaded. The cause is breach of a contract to pay $10,000. Whichever way the money came due on the contract, viz., whether by the wife surviving the husband, or by the act of the husband in killing the wife and thereby preventing the money coming due by her surviving him, it remains the fact that there is only one cause of action, viz., for breach of the contract obligation to pay the money after it came due. The plaintiff could have alleged in one cause of action (1) that the husband willfully and wrongfully killed the wife and himself and (2) that she survived him; and that by reason of the premises the $10,000 secured by the said contract came due and payable. Such a complaint would state a good cause of action, and on the trial a recovery could be had on either theory. Nor would the allegation of killing be struck out on motion for irrelevancy. The answer to such a motion would be that the plaintiff might not be able to prove survivorship and therefore should not be prevented from recovering on proof of the other allegation, which would suffice without survivorship. And vice versa.

The objection that if the wife did not survive the husband, the cause of action was never in her, and therefore cannot have passed to her administrator, is only specious. It often happens that a cause of action accrues to an executor or administrator on a contract owned by his decedent which had not accrued to the decedent. The contract passes to the executor or administrator, and the cause of action on it may only accrue by the fact of the decedent's death, or afterwards.