GEORGE L. FILEMAN and ALEXANDER PEARSON, Appellants, *v.* JOHN J. MOONEY, Respondent.

Second Department, October 31, 1918.

**Pleading — complaint alleging fraud in execution of lease and disaffirmance of contract — statement of cause of action for money had and received on contract disaffirmed — waiver of tort — joinder of causes of action.**

A complaint, which in substance alleges fraud on the part of the defendant in procuring plaintiffs' execution of a lease, and for a second cause of action, after substantially realleging the matter aforesaid, sets forth the discovery of the alleged fraud and plaintiffs' *disaffirmance* of the contract, clearly indicates that plaintiffs elected to disaffirm the contract.

The plaintiffs could waive the alleged tort, affirm the contract and claim damages by reason of the alleged fraud, or they could disaffirm the contract and recover the sums paid thereon as moneys had and received.

While in form the complaint purports to state two causes of action, plaintiffs have but one, viz., a cause of action for moneys had and received on a contract expressly disaffirmed. There is, therefore, no inconsistency between the alleged causes of action.

APPEAL by the plaintiffs, George L. Fileman and another, from an order of the Supreme Court, made at the Nassau Special Term and entered in the office of the clerk of the county of Nassau on the 20th day of June, 1918, denying their motion for judgment on the pleadings after a demurrer had been interposed to the complaint on the grounds, (1) that two alleged causes of action have been improperly united therein; and (2) that the second cause of action does not state facts sufficient to constitute a cause of action.

*Erastus J. Parsons,* for the appellants.

*John T. Sturdevant,* for the respondent.

Rich, J.:

The complaint in substance alleges fraud on the part of defendant in procuring plaintiffs' execution of a lease to certain premises in the borough of Manhattan, known as 133–135 Amsterdam avenue, whereby plaintiffs were induced to pay to defendant $1,500.

The second cause of action, after substantially realleging the first, sets forth the discovery of the alleged fraud, and plaintiffs' *disaffirmance* of the contract by a refusal to pay the sum of $500 when due pursuant to the lease and supplemental agreements. It also alleges that defendant leased the premises to another at the same or a greater rental, and plaintiffs' demand for the return of the $1,500 paid as aforesaid, and defendant's refusal.

Accepting the allegations of the complaint as true, plaintiffs had two courses to pursue: (1) They could waive the alleged tort, *affirm* the contract and claim damages by reason of the alleged fraud; or (2) they could *disaffirm* the contract and recover the sums paid thereon as money had and received.

The complaint in the instant case clearly indicates that plaintiffs elected to disaffirm the contract. On discovering the alleged fraud, they demanded the return of the sums paid on the contract, they never took possession of the premises, defendant never tendered possession to them, and they refused to make the further payment which became due on August 1, 1917.

This case is distinguishable from *Edison Electric Ill. Co.* v. *Kalbfleisch Co.* (117 App. Div. 842) and *Kaufman* v. *Morris Building Co.* (126 id. 388). While *in form* the complaint purports to state two causes of action, plaintiffs have but one, viz., a cause of action for money had and received on a contract *expressly disaffirmed.* (*Logan* v. *Whitley,* 129 App. Div. 666, 668, 669; *Taft* v. *Bronson,* 180 id. 154.)

There is no inconsistency between the alleged causes of action, for there is but one.

It follows, therefore, that the order must be reversed and the demurrer overruled, with ten dollars costs and disburse-

ments, and motion granted, with ten dollars costs, with leave to plead over within ten days on payment of such costs.

JENKS, P. J., THOMAS, BLACKMAR and JAYCOX, JJ., concurred.

Order reversed and demurrer overruled, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plead over within ten days on payment of such costs.