GLADE v. THE GERMANIA FIRE INS. CO. ET AL.

1. **Insurance:** MISREPRESENTATION IN APPLICATION: INCUMBRANCES. A statement in an application for insurance that the amount of incumbrance on the property was about three thousand dollars, when in fact it exceeded four thousand four hundred dollars, was held to constitute a material misrepresentation, which would defeat a recovery on the policy issued on such application, without regard to the good faith in which the statement was made.

*Appeal from Jackson District Court.*

FRIDAY, JUNE 17.

ACTION upon a joint policy of fire insurance made to the plaintiff by the defendants, the Germania Fire Ins. Co. and the Hanover Fire Ins. Co. The defendants, for answer, admit the issuance of the policy, and the destruction by fire of the property insured, but they aver that the plaintiff fraudulently caused the property to be burned. They further aver that in the application upon which the policy was issued the plaintiff, in answer to a question as to the amount of a mortgage upon the property, stated that it was $3,000, whereas it in fact largely exceeded that sum. There was a trial by jury, and a verdict and judgment were rendered for the plaintiff. The defendants appeal.

*Aylett R. Cotton,* for appellants.

*S. S. Simpson* and *L. A. Ellis,* for appellee.

ADAMS, CH. J.—The mortgage upon the property, it appears, amounted to $4,425, being $1,425 more than the amount stated in the application. The defendants asked an instruction in these words: "If the jury believe from the evidence that at the time the plaintiff was procuring the policy of insurance on which this suit is founded he represented to the defendants that a mort-

1. INSURANCE: misrepresentation in application: incumbrance.

gage on the property which is insured under said policy then amounted to about $3,000, and that the defendants relying upon such representation issued said policy, and if the jury further believe from the evidence that the amount of said mortgage at the time said representation was made amounted to much more than $3,000, and then amounted to the sum of $4,000 and more, the plaintiff will not be entitled to recover in this action for the loss on the property thus encumbered by said mortgage, although the plaintiff, when he made said statement, may have believed that the amount of said mortgage was then only about $3,000." This instruction the court refused to give, and the defendants assign the refusal as error.

The statement in the application in regard to the amount of the mortgage is unqualified. The amount is stated absolutely as $3,000. But there was evidence tending to show that the plaintiff did not claim to know the precise amount, and was told by the agent to make an approximate statement of the amount, and that the statement made was made under such direction. It is claimed by the plaintiff, therefore, that while the application shows an unqualified statement, he should not be bound by it as such by reason of the direction under which it was made.

Where a statement is written down by the agent precisely as it is given, there is some doubt as to whether the insured can be permitted to show that he intended something different.

But the instruction which the defendants asked assumes that the statement may be taken as intended to be only an approximate statement, and be read as if the plaintiff had said that the mortgage amounted to *about* $3,000. The plaintiff does not, and cannot properly, claim more than that. For the purposes of the opinion, then, we shall treat the case precisely as if the statement had been that the mortgage amounted to *about* $3,000. The question then arises as to whether the plaintiff was bound even by that statement, unless he was

guilty of bad faith. The court seems to have thought that he was not. This is shown not only by the instruction which was refused, but by an instruction given by the court upon its own motion, in which the court held that the misrepresentation would not avoid the policy unless made willfully and designedly.

Before proceeding to the consideration of this question, we will say that we think that there can be no pretense that it was true (as we assume it to be stated) that the mortgage amounted to only about $3,000, or that the statement was approximately correct. The difference between $3,000 and $4,425 is nearly fifty per cent. It would be trifling with language to say that $3,000 is about $4,425, or is approximately that sum.

In *Hayward v. The New England Mutual Fire Ins. Co.*, 10 Cush., 444, the statement was that the mortgage was about $3,000. It proved to have been $4,000. It was held that there was a misrepresentation which avoided the policy. The court said: "It seems to us quite too clear to admit of a doubt that the answer given by the plaintiff in his application to the inquiry respecting incumbrances was materially false. Making all due allowances for the loose manner in which such documents are often prepared, and giving the plaintiff the full benefit of the word *about* as qualifying and limiting his answer, it cannot in any view be deemed to be substantially true. To hold so wide a deviation from the fact to be immaterial would be to defeat the very purpose which the questions and answers in the application were intended to accomplish, and render them but a vain and idle ceremony."

In *Brown v. Peoples Mutual Ins. Co.*, 11 Cush., 280, the statement was that the mortgage was about $4,000. It amounted, in fact, with accumulated interest, to a little less than $4,900. It was held that there was a misrepresentation which avoided the policy. But in neither of those cases was the difference between the amount stated and the true amount as great as in the case at bar.

Glade v. The Germania Fire Ins. Co.

It is true that in the case at bar the difference was made up to a considerable extent of accumulated interest. But that is immaterial. What the companies were entitled to know was whether the property was imperiled by an incumbrance, because such property does not constitute as desirable a subject of insurance. If it was imperiled, it was of no consequence that the peril resulted largely from accumulated interest, unless we may say that a large accumulation of interest would tend rather more clearly to indicate that the insured was in a desperate condition. We come, then, to the conclusion that under the facts shown and the cases cited there was clearly a misrepresentation in a material matter. The next question is as to whether the misrepresentation had the effect to avoid the policy. It appears to us that it had. We can hardly conceive, indeed, that such a misrepresentation could have been other than the result of bad faith, and not of mere ignorance; but in our opinion it was wholly immaterial as to whether it was or not. It is very common, we believe, in making answers which are to become representations in applications for insurance, whether fire or life, to qualify the answers by the use of the word *about*. It doubtless often happens that no other than such qualified answer can properly be given. We have never heard it suggested before that the applicant in making such answers is bound to no accuracy or truthfulness whatever, provided only he does not act in bad faith. When an applicant gives a qualified answer, he virtually declines to give an unqualified answer, and in so doing he virtually declares that his information is not such as to justify him in giving an unqualified answer. But while this is so he must be understood as declaring that his information is such as to justify him in giving the qualified answer which he does give.

If the fact was that the plaintiff did know even *about* how much the mortgage on his property was he should have declined to make any answer at all until he had ascertained. The companies had a right to be correctly informed, because

the information sought was to be made the basis of their action; and this the plaintiff knew from the fact that he was inquired of concerning the amount of the mortgage.

In our opinion the instruction asked by the defendant should have been given.

A large number of errors was assigned, but it is unnecessary that we should extend this opinion by the consideration of them farther than we have gone. The ground upon which we have disposed of the case renders it improbable that the questions not noticed will arise upon another trial.

REVERSED.