ALBERT CERYS v. STATE INSURANCE COMPANY OF DES MOINES, IOWA.[1]

January 26, 1898.

Nos. 10,858—(266).

**Fire Insurance—Application—Interest in Property Incorrectly Stated—Stipulation in Policy.**

Where it is stipulated in a fire insurance policy that the application on which it is based shall be a part of the contract, and a warranty by the assured, and that, if the interest of the latter in the property be not truly stated therein, the policy shall be void, the parties have settled for themselves what shall be material, and the assured cannot be permitted, in case of loss, to escape the consequences of making a false answer to a question. He cannot be allowed to claim that an answer is immaterial which he has contracted should be considered material.

**Same—Amount of Incumbrance.**

In such an application the assured stated, in reply to a direct question as to the amount of incumbrance upon his farm of 100 acres, that "the entire incumbrance is $1,400," when, as a matter of fact, the principal sum due at the time was $1,700. *Held*, that there was a material variance and a substantial misrepresentation as to the amount of the incumbrance, which avoids the policy.

Appeal by plaintiff from an order of the district court for Wright county, Tarbox, J., setting aside a verdict in his favor for $1,000, and ordering judgment for the defendant notwithstanding the verdict. Affirmed.

*Wm. E. Culkin* and *W. H. Cutting*, for appellant.

*Wendell & Pidgeon*, for respondent.

COLLINS, J.

Action to recover upon fire insurance policy, in which the assured received a verdict. Upon a motion made for judgment notwithstanding the verdict, or, if denied, then for a new trial, the verdict was set aside, and judgment ordered for defendant company.

The order appealed from might be affirmed upon either of several grounds, but we shall rely upon one only. The policy was in what is well known as the "Minnesota Standard Form," and was based

[1] Reported in 73 N. W. 849.

upon plaintiff's written application. This application was, by its own terms and by the terms of the policy, made a part of the policy, so that, taken both together, the contract is ascertained and determined. This application, admittedly signed by plaintiff himself, contains the following language:

"Having read the foregoing application, and fully understanding its contents, I warrant it to contain a full and true description and statement of the condition, situation, value, occupancy, and title of the property proposed to be insured, and I warrant the answer to each of the foregoing questions to be true. * * * The above statements shall be the sole basis of the contract between the said company and myself, and are hereby made a part of the same."

By the policy it was provided, among other things, that

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein. * * * If an application * * * be referred to in this policy, it shall be a part of this contract, and a warranty by assured. * * * This policy is based upon an application and survey of the property on file, which is hereby referred to as forming part of this policy."

In response to a direct question in the application as to any incumbrance upon plaintiff's land upon which the insured buildings and personal property therein contained were situated, plaintiff answered, "The entire incumbrance is $1,400, due five years," when the fact, as admitted upon the trial, was that the principal sum due upon the incumbrance at the date of the application, and when the policy was issued, was $1,700. In Campbell v. New England, 98 Mass. 381 (Justice Gray writing the opinion), it was said, at page 403:

"The parties may, by the frame and contents of the papers, either by putting representations as to the quality, history, or relations of the subject insured into the form of answers to specific questions, or by the mode of referring to them in the policy, settle for themselves that they shall be deemed material. And when they have done so the applicant for insurance cannot afterwards be permitted to show that a fact, which the parties have thus declared material to be truly stated to the insurers, was in fact immaterial, and thereby escape from the consequences of making a false answer to such a question."

The policy in this instance distinctly specified what should be the result of a violation of any of its conditions, and was binding upon both parties. A substantial misrepresentation as to the amount of the incumbrance certainly avoided the policy, if we are to observe and be governed by its terms. As was stated in Graham v. Fireman, 87 N. Y. 69, 74, citing May, Ins. §§ 104, 195:

"While it may well be that a misrepresentation of a matter which does not affect the risk, and is not material in some cases, as is claimed, will not avoid the policy, and whether it is material is a question for the jury, such rule has, we think, no application where, by the terms of the policy, misrepresentations are converted into warranties by a stipulation that an untrue answer will avoid the policy. If it is stipulated that, if there is any misrepresentation whatever, the contract should be void, it is of no importance whether it is a warranty or a misrepresentation. The materiality is contracted for, and, under the rule as to warranties, is not a subject of consideration."

See, also, Wood, Ins. § 155. The inquiry now is, was there a material variance or a substantial misrepresentation as to the amount of the incumbrance? We are of the opinion that there was. Nor is this really controverted by plaintiff's counsel. A difference of more than twenty per cent. between the amount stated or represented to be due as principal upon a mortgage, and the amount actually due, is obviously substantial. Whether a farm of one hundred acres, with log buildings, is mortgaged for $1,400 or $1,700, is plainly material to the insurance company as well as to the owner. We need not demonstrate this by multiplying words, or by citing authorities; but, among the cases mentioned in counsel's brief, we call attention to Crook v. Phœnix, 38 Mo. App. 582; Brown v. Peoples, 11 Cush. 280; Falis v. Conway, 7 Allen, 46; Jacobs v. Eagle, 7 Allen, 132; Glade v. Germania, 56 Iowa, 400, 9 N. W. 320.

Counsel for plaintiff argues quite a number of points under the claim that the answer was insufficient because it failed to allege misrepresentation or concealment on the part of plaintiff when making the application, and under the further claim that there was no evidence that the application, when signed by his client, was filled out, or was anything more than a blank. We do not feel it

incumbent upon us to do more than to say that there is absolutely nothing in either contention.

Order affirmed.