FRANK J. R. AIPLE and Another v. BOSTON INSURANCE COMPANY.[1]

June 10, 1904.

Nos. 13,913—(89)

**Insurance—Inspection of Risk.**

Noncompliance with certain provisions of section 25, c. 175, p. 401, Laws 1895, requiring an insurer to examine the structure insured, does not charge the insurance company with notice that the premises are vacant. This provision has reference to the fixing of the value of the structure.

**Vacant Dwelling.**

The term "occupied as a dwelling," contained in a policy of insurance, will be construed to be words of warranty, in the absence of knowledge by the insurer that the building was vacant. Under such circumstances, if the building insured was unoccupied at the time the policy was issued, and remained vacant until destroyed by fire, the insurance company is not liable thereon.

Action in the district court for Ramsey county to recover $500 upon a policy of fire insurance. The case was tried before Jaggard, J., who found in favor of plaintiffs for the sum demanded. From a judgment entered pursuant to the findings, defendant appealed. Reversed.

*Barrows & Morrison,* for appellant.

The phrase "occupied as a dwelling" upon the face of the policy, constituted a warranty on the part of the insured that the premises, otherwise sufficiently described were, and should continue to be during the life of the policy, occupied as a dwelling. Franklin v. Martin, 40 N. J. L. 568; Hamburg-Bremen v. Lewis, 4 App. Cas. (D. C.) 66; Baker v. German, 124 Ind. 490; Boyd v. Vanderbilt, 90 Tenn. 212; Newmarket v. Royal, 150 Mass. 374; Alexander v. Germania, 66 N. Y. 464; Maher v. Hibernia, 67 N. Y. 283; Burleigh v. Gebhard, 90 N. Y. 220.

*Louis R. Frankel,* for respondents.

The phrase "occupied as a dwelling" is a mere matter of description, or at most a representation, and cannot be construed into a warranty.

[1] Reported in 100 N. W. 8.

3 Joyce, Ins. § 2103; Kerr, Ins. 334; Martin v. State, 44 N. J. L. 487.

Plaintiffs made no representation, statements or warranties at any time as to the occupancy or nonoccupancy of the premises, and the description of the premises as "occupied as a dwelling" was the work of defendant's own agent. The insurer is bound by the acts of the agent, who either intentionally or negligently writes false answers in an application, which the applicant signs in good faith, believing that it contains the answers he has given. Kerr, Ins. 220, and cases cited; Phœnix Ins. Co. v. Warttemberg, 79 Fed. 245; Grattan v. Metropolitan, 92 N. Y. 274; Phenix v. Golden, 121 Ind. 524. An insurance company cannot take advantage of any breach of warranty or misrepresentation, resulting from the negligence or misconduct of its own agent, except where the agent and applicant have conspired to deceive the insurer. Kerr, Ins. 351; Whitney v. National M. A. Assn., 57 Minn. 478; Bourgeois v. Mutual, 86 Wis. 402; Phenix v. Stocks, 149 Ill. 319.

Section 25, c. 175, Laws 1895, requires the insurer to examine the building insured. Means of knowledge, with a duty of using them, are deemed equivalent to knowledge itself, and passive good faith will not serve to excuse wilful ignorance. 21 Am. & Eng. Enc. (2d Ed.) 584, and cases cited. An insurance company whose authorized agent, with full knowledge of the facts, issues a policy which on account of the existence of such facts, would be void in its incipiency and receives premiums therefor cannot in the event of a loss, set up such facts to defeat a recovery on the policy. Kerr, Ins. 714; Quigley v. St. Paul T. I. & T. Co., 60 Minn. 275.

DOUGLAS, J.

Action upon a policy of insurance against fire. From the judgment of the district court of Ramsey county in favor of the plaintiffs for the amount claimed, defendant appeals.

It appears that on February 18, 1901, defendant issued its policy of insurance, insuring the plaintiffs against loss or damage by fire to the amount of $500 upon the property described in said policy as follows:

> On their two-story frame, shingle-roof building, with stone basement, occupied as a dwelling, and situate * * *.

The period of insurance began March 1, 1901. It further appears the policy was issued at the verbal request of plaintiffs, without any representations as to the occupancy of the premises. The building had been vacant a number of months prior to March 1, 1901, and continued vacant until wholly destroyed by fire; but defendant was not informed of this fact until after its destruction, and never inspected the building insured.

Plaintiffs contend that the nonoccupancy of a building so described is not a defense unless it appears that thereby the hazard is increased; also that by section 25, c. 175, p. 401, Laws 1895, it was the duty of the company to inspect the premises, and therefore that defendant is charged with notice that the building insured was vacant when the policy was issued. On the other hand, defendant insists that it assumed the risk of the destruction of an occupied building, and that the term "occupied as a dwelling," contained in the policy, must be construed as words of warranty.

Section 25 of said chapter, known as the "valued policy clause," in part reads:

> In the absence of any change increasing the risk, without the consent of the insurer, and in the absence of intentional fraud on the part of the insured, in case of total loss the whole amount mentioned in the policy or renewal upon which the insurer receives a premium shall be paid.

In this connection said section further provides that

> Any person * * * hereafter insuring any building or structure against loss or damage by fire, lightning or other hazard * * * shall cause such building or structure to be examined by the insurer or his agent, and a full description thereof to be made, and the insurable value thereof to be fixed by the insurer or his agent, the amount of which shall be stated in the policy of insurance.

By the clause last quoted the duty is placed upon the insured to cause an examination of the building to be made by the insurer, and the duty is also thereby placed upon the insurance company to examine the structure for the purpose of determining the value of the buildings and safeguarding the rights of both parties against fraudulent representations

as to its value. We are of the opinion the purpose of the examination was not to determine whether the premises were occupied, and had no relation to that subject. The failure of defendant to so inspect may be urged as a waiver of the right to insist that the premises were of less value than fixed in the policy, but it cannot be construed as charging defendant with notice that the premises were vacant. We therefore have only to inquire whether defendant assumed the risk of destruction by fire of an unoccupied building, and this question is determined by the construction to be given to the words "occupied as a dwelling," contained in the policy under consideration.

The question has frequently been before the courts, sometimes under conditions wherein it appeared that proof was received to the effect that occupancy of the building lessened the hazard. In other cases the naked proposition has been presented whether the term "occupied as a dwelling" must be construed as words of warranty. The questions have been so closely interwoven that the courts in many instances have quite naturally blended them in assigning reasons for their respective conclusions, and this has led to some confusion in the authorities.

The rule, however, has been universally adopted that the term is one of warranty, and that a liability does not exist upon such a policy when the building so insured was vacant at the time the policy was issued, and continued unoccupied until destroyed by fire. Alexander v. Germania, 66 N. Y. 464; Hamburg-Bremen v. Lewis, 4 App. D. C. 66; Boyd v. Vanderbilt, 90 Tenn. 212, 16 S. W. 470; Baker v. German, 124 Ind. 490, 24 N. E. 1041. The principle is also affirmed in the following cases: Franklin v. Martin, 40 N. J. L. 568; Stout v. City, 12 Iowa, 371; Pottsville v. Fromm, 100 Pa. St. 347; Sarsfield v. Metropolitan, 61 Barb. 479; Maher v. Hibernia, 67 N. Y. 283; Parmelee v. Hoffman, 54 N. Y. 193; Wall v. East River, 7 N. Y. 370; Texas v. Stone, 49 Tex. 4; Wood v. Hartford, 13 Conn. 533, 544; Burleigh v. Gebhard, 90 N. Y. 220. This was the view of the learned trial court, and we are constrained to adopt it in determining the issue presented.

As stated elsewhere, however, we are unable to agree with the trial court that defendant is charged with notice that the premises in question were unoccupied because of the provisions of section 25, c. 175, p. 401, Laws 1895.

It therefore follows the judgment appealed from is reversed.