(48 Misc. Rep. 169.)

### FRANKE et al. v. N. W. TAUSSIG CO.

(Supreme Court, Special Term, New York County. August, 1905.)

PLEADING—INCONSISTENT CAUSES OF ACTION—ELECTION.

     A complaint alleging the sale under an express contract of a certain amount of sugar at a certain agreed price, on which a certain balance due is claimed; the sale and delivery of the same quantity of sugar of the same value, alleged to be the reasonable worth, with a claim of the same balance due; and that defendant came into possession of a certain quantity of sugar belonging to plaintiff, of a certain value (the amount previously claimed as the balance due), the wrongful detention thereof, plaintiff's election to waive the conversion, and demand for payment of such value as on an implied contract, with defendant's refusal to pay the same and plaintiff's damage in the amount named—does not state causes of action so inconsistent and repugnant as to require election.

     [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 1199, 1200.]

Action by Edward I. Franke and others against the N. W. Taussig Company. Defendant moves to compel election between causes of action alleged. Denied.

Leo Levy, for the motion.

Alexander & Colby (H. G. Wiley, of counsel), opposed.

GIEGERICH, J. The defendant moves to compel the plaintiffs to elect between the three causes of action set forth in the complaint and to state upon which one they will rely. The first cause of action alleges, in substance, the sale and delivery under an express contract of 16,019 bags of sugar at an agreed price of $202,-922.01, on which there is claimed a balance due of $11,307.59. The second cause of action alleges the sale and delivery of the same

quantity of sugar of the same value, alleging such value, however, as the reasonable worth, instead of the agreed price, and claiming a balance due of exactly the same amount.   The third cause of action alleges that the defendant came into possession of 1,019 bags of sugar belonging to the plaintiffs of the value of $11,307.59, the wrongful detention of the same, the plaintiffs' election to waive the conversion and demand for payment of the aforesaid value as upon an implied contract, with the defendant's refusal to pay the same and the plaintiffs' damage in the amount named.

On behalf of the defendant it is insisted that these causes of action are so inconsistent and repugnant as to embarrass justice, but I cannot agree in that view.   The principal case relied upon (Mayo v. Knowlton, 134 N. Y. 250, 31 N. E. 985) is altogether different from the present.   There an attempt was made to recover on two causes of action—one based on the theory of a rescission of the contract because of fraud and the recovery of the purchase price, while the second was based upon the theory of an affirmance of the contract by retention of the stock and a recovery of damages sustained by reason of false representations made in respect to value.   It was there said (page 252 of 134 N. Y., page 986 of 31 N. E.) :

"The two claims are based upon conflicting or inconsistent theories, and the plaintiff was not entitled to recover upon both.   Six of the jurors might find in his favor upon the first and against him on the latter, whilst the other six jurors might find in his favor upon the second and against him upon the former.   If entitled to recover back the purchase price of the stock, he would not be entitled to recover for the damages sustained by reason of its being of less value than that which he paid for it.   If he was entitled to recover damages for the false representations made in reference to its value, etc., he would not be entitled to recover the purchase price.   So that he did not have the right to have both causes of action submitted to the jury."

In the present case, however, there is no such radical inconsistency or repugnancy between the causes of action set forth.   They are, rather, so far as can be judged from the pleadings alone, statements of different, but closely kindred, theories of recovering the same amount on the same transaction.   The present application, in my opinion, falls within the rule followed in such cases as Velie v. Newark C. Ins. Co., 65 How. Prac. 1; Longprey v. Yates, 31 Hun, 432; Blank v. Hartshorn, 37 Hun, 101; and Seymour v. Warren, 71 App. Div. 421, 75 N. Y. Supp. 903.   The fundamental facts on which the three theories set forth in the complaint are based are the same, namely, the ownership by the plaintiffs of the goods in question, the acquisition of the same by the defendant, and the right in the plaintiffs to recover therefor, whether it be an agreed price on the theory of an express contract, or the reasonable value on the theory of an implied contract; whether such an implication be based upon facts that would not in any event constitute a tort, or on facts that would, if the plaintiffs so elected, constitute a tort, but which they may treat at their option as constituting an implied contract.   It may possibly be that upon the trial matters will take such form that it would be unjust to the defendant to allow all three grounds of recovery to be submitted to the jury; but, so far as can be seen from the complaint alone, there will be no such injustice.

On the contrary, the hardship or injustice to be apprehended would be that the plaintiffs, by being compelled to elect at this stage of the action, might meet defeat at the trial because of their inability to accurately anticipate the contingencies of the trial and what they and the defendant would be able to establish, or what construction might be put by the court or the jury upon the evidence. As was said in Murray v. N. Y. Life Ins. Co., 96 N. Y. 614, 622, 48 Am. Rep. 658:

"It is not necessary that a jury, in order to find a verdict, should concur in a single view of the transaction disclosed by the evidence. If the conclusion may be justified upon either of two interpretations of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and a part upon the other."

The plaintiffs' right to recover may well, and probably does, depend, in part at least, on acts of the defendant of which they neither have nor can obtain at this time any sufficient and reliable information. It is obvious, therefore, that to compel them to make an election now would place them at a disadvantage and give the defendant an unfair advantage in preparing and presenting the evidence at the trial.

The motion should be denied, with $10 costs.