That it is the intention of the statute that percentages should be paid only upon a track that is built and operated directly under the law appears from the following portion of section 95 of the railroad law:

"If a street surface railroad corporation existing and operating any such railroad in any such city shall thereafter extend its tracks or construct branches therefrom and shall operate such branches or extensions under the provisions of chapter two hundred and fifty-two, Laws of Eighteen Hundred and Eighty-Four, or of this article, such corporation shall pay such percentage only upon such portion of its gross receipts as shall bear the same proportion to its whole gross receipts as the length of such extensions or branches shall bear to the entire length of the line."

I am of the opinion that defendant is bound to pay the percentage tax upon $5515/10316$ of its gross receipts. This amount it is conceded that the defendant has already paid. Judgment is ordered for the defendant, dismissing the complaint, with costs.

Judgment for defendant, with costs.

---

LESLIE v. FIREMEN'S INS. CO. OF NEWARK, N. J., et al.

(Supreme Court, Special Term, New York County. October 13, 1908.)

1. INSURANCE—FIRE INSURANCE—RIGHTS OF MORTGAGEE.

The rights of a mortgagee of premises covered by a fire policy are fixed by stipulation in the policy that the loss shall be paid to the mortgagee as his interest may appear, and cannot be affected by any adjustment by insured with insurer made without its knowledge.

2. PLEADING—COMPLAINT—CAUSES OF ACTION—ELECTION.

A complaint in an action on a fire policy against insurer and a mortgagee, which contains the elements necessary to a recovery on the policy, and which alleges an adjustment between insured and insurer, and an agreement to pay insured a specified sum in satisfaction of the loss, if stating two causes of action, shows that they arise out of the policy, and insured cannot be compelled to elect whether he will rely on the policy or on the adjustment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 1199, 1200.]

Action by Bonniford Leslie against the Firemen's Insurance Company of Newark, N. J., and another. On motion to compel an election between causes of action. Denied.

E. McClure Jacques (John M. Coleman, of counsel), for plaintiff.
S. J. Rosenblum, for defendant Firemen's Ins. Co. of Newark, N. J.
Shepard & Prentiss (William H. Shepard, of counsel), for defendant Ludwig Baumann & Co.

GIEGERICH, J. The defendant insurance company seeks by this motion to compel the plaintiff and the defendant Ludwig Baumann & Co. to elect whether they will rely upon the policy or upon the alleged adjustment set forth in the complaint. The policy is issued to the plaintiff, and contains a provision that the loss, if any, shall be paid to the defendant Ludwig Baumann & Co., as mortgagee, as its interest may appear. The policy is for $2,000, and the complaint contains all the elements necessary to entitle the plaintiff to recover upon the

policy, and the prayer for relief, which demands judgment for $2,000, sustains the theory that the action is brought upon the policy, as distinguished from the alleged adjustment, hereafter mentioned. The sixth paragraph of the complaint, however, contains an allegation which, according to the applicant's theory, suggests that the plaintiff might seek to recover upon an alleged adjustment had subsequent to the fire or loss. The allegation in question reads as follows:

"That such proceedings were had in respect to such proofs of loss that the defendant Firemen's Insurance Company of Newark duly acknowledged to the plaintiff under said policy of insurance and agreed to pay the plaintiff the sum of $972.72 in satisfaction thereof."

It is urged, on the other hand, by the defendant Ludwig Baumann & Co. that the foregoing allegations are simply of an acknowledgment by the defendant insurance company of its liability upon the policy to the extent of $972.72, and an agreement to pay that sum in satisfaction thereof, but that there is no allegation that the plaintiff agreed to accept such sum, in satisfaction of the policy or otherwise.

Conceding for the purposes of the argument, but without deciding, that the applicant's view of such paragraph of the complaint is correct, I do not think that the defendant Ludwig Baumann & Co., the mortgagee, should be put in a position to be prejudiced by a possible election by the plaintiff to proceed upon the alleged adjustment. Its right, as mortgagee, is fixed by the policy, and cannot be affected by any adjustment which may have been made by the plaintiff with the defendant insurance company without its knowledge or consent. That it had no such knowledge is apparent from its denial in paragraph 3 of its answer of—

"any knowledge or information of the allegation contained in said complaint that the defendant Firemen's Insurance Company of Newark agreed to pay the plaintiff the sum of $972.72 in satisfaction of its liability under said policy, sufficient to form a belief."

Furthermore, even if two causes of action are alleged, they arose out of the policy. Except for the policy, the agreement to pay $972.-72, or any other sum, would be without consideration to support it. The fact that recovery on the policy might be for a less or greater sum than upon the agreement is immaterial. Both must rest on the policy, and the plaintiff should not be deprived of the opportunity afforded by the defendant insurance company's own acts of taking advantage of a view of the facts proven upon the trial which is most favorable to her. Franke v. Taussig Co., 48 Misc. Rep. 169, 95 N. Y. Supp. 212.

Motion denied, with $10 costs to abide the event.