# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

FIRST NATIONAL BANK OF DULUTH AND STEVENSON
MOTOR SALES COMPANY v. NATIONAL LIBERTY
INSURANCE COMPANY OF AMERICA
AND SAMUEL LAVICK.

NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA,
APPELLANT.[1]

May 25, 1923.

No. 23,433.

**When insurance policy is not avoided by breach of warranty.**

1. Section 3300, G. S. 1913, places warranties in insurance upon the basis of representations. A breach of warranty will not avoid the policy unless made with intent to deceive and defraud or unless the matter misrepresented increases the risk of loss.

**Absence of finding concerning intent of insured to deceive.**

2. There is no pleading or finding in this case that the alleged false statement was made with intent to deceive or that the matter represented increased the risk.

**Mortgagee not bound by adjustment of loss between insurer and mortgagor.**

3. Where a policy makes the loss if any payable to the mortgagee the mortgagee is not bound by an adjustment between the insurance company and the mortgagor.

[1]Reported in 194 N. W. 6.

Action in the district court for St. Louis county to recover $1,250 upon an insurance policy. The case was tried before Dancer, J., who made findings and ordered judgment for $1,150. Defendant's motion for an additional finding was granted. From an order denying its motion for a new trial, the National Liberty Insurance Company of America appealed. Affirmed.

*Nathan H. Chase,* for appellant.

*A. Feldman,* for respondents.

HALLAM, J.

On July 18, 1921, defendant insurance company insured defendant Lavick for $1,800 against loss by fire or theft of his Westcott automobile. The amount was later reduced to $1,600. The car was mortgaged to plaintiffs to secure payment of the purchase price of $1,250. On November 8, 1921, while the insurance policy was still in force the car was stolen and totally destroyed by fire. Lavick made proofs of loss and the insurance company adjusted the loss with him at $840. The car was at that time worth $1,150. Plaintiffs were not parties to the adjustment. The amount due on their mortgage was $1,150, and they brought action to recover that amount from the insurance company.

The court found that, "as an inducement for the issuance of said policy," Lavick represented to said insurance company "that said automobile actually cost him $1,800, and said insurance company in reliance upon said statement and believing the same, issued and delivered to defendant Lavick," said policy. The court then found that Lavick purchased said car from plaintiff motor sales company "for the agreed price of twelve hundred and fifty ($1,250) dollars." It will be noticed that the court found the "price" paid to plaintiff sales company, and the representation as to what the car "cost" Lavick. There is no finding that the "cost" to Lavick was no more than the purchase price. In fact there is evidence to show that there were other items of cost in the way of equipment. It is perhaps fair to assume, however, that the court intended to find that the representation of the insured was untrue.

1. The principal point raised by defendant is that the policy was "rendered null and void prior to the loss, by reason of breach of warranty on the part of the assured." In other words, defendant seeks to treat the statement in the application as a warranty, and to invoke the common law doctrine that a breach of a warranty in a policy of insurance avoids the policy, without regard to whether the statement warranted relates to a material or an immaterial fact. In 1895 the legislature passed a law (section 20, chapter 175, p. 392, Laws of 1895), which is now section 3300, G. S. 1913. It reads as follows:

"No oral or written misrepresentation made by the assured, or in his behalf, in the negotiation of insurance, shall be deemed material, or defeat or avoid the policy, or prevent its attaching, unless made with intent to deceive and defraud, or unless the matter misrepresented increases the risk of loss."

This statute does not in terms mention warranties, and, had it never been construed, the question whether it should be held to change the common law rule as to warranties would be an interesting one. This statute has, however, been construed in previous decisions of this court and that it applies to warranties is no longer an open question. In Price v. Standard Life & Accident Ins. Co. 90 Minn. 264, 95 N. W. 1118, it was inferentially held that this statute applies to warranties, and in Johnson v. National Life Ins. Co. 123 Minn. 453, 144 N. W. 218, Ann. Cas. 1915A, 458, this court expressly so held. Speaking of this statute this court said [at page 456]:

"Our statutes, and statutes like them, were intended to put warranties upon substantially the basis of representations and to do away with defenses made by incorporating conditions and terms in policies, making them by agreement material representations or warranties, and controlling on the right of recovery. As we construe the statute a material misrepresentation, made with intent to deceive and defraud, avoids the policy. A material misrepresentation, not made with intent to deceive or defraud, does not avoid the policy, unless by the misrepresentation the risk of loss is increased.

If a material misrepresentation increases the risk of loss the policy is avoided, regardless of the intent with which it was made. An immaterial representation, though made with intent to deceive and defraud, does not avoid the policy."

See also McAlpine v. Fidelity & Cas. Co. of New York, 134 Minn. 192, 158 N. W. 967.

Defendant cites Cerys v. State Ins. Co. 71 Minn. 338, 73 N. W. 849. In that case section 3300 was not considered or mentioned. The same is true of Aiple v. Boston Ins. Co. 92 Minn. 337, 100 N. W. 8, and Rupert v. Supreme Court U. O. of F. 94 Minn. 293, 102 N. W. 715. The case of Farm v. Royal Neighbors, 145 Minn. 193, 176 N. W. 489, cited by defendant, involved a case to which section 3300 does not apply, but the language of the decision could not aid defendant in any event.

We hold, following the decision in the Johnson case, that the alleged breach of warranty will not avoid the policy unless made with intent to deceive and defraud or unless the matter misrepresented increases the risk of loss.

2. Defendant contends that the alleged false statement was made with intent to deceive and that the necessary result was an increase of the risk. No such facts were pleaded. The trial court made no finding on either proposition and was not asked to do so. In view of these facts, and, if anything further need be said, in view of the evidence of expenditures upon the car in addition to the purchase price, we cannot assume either intent to deceive or increase of risk.

3. Defendant contends that plaintiffs, mortgagees, are bound by the adjustment made by agreement between the insurance company and Lavick, the mortgagor. The insurance company knew of the mortgage. It is stipulated that the policy should be treated as though it, in fact, contained a rider making loss, if any, payable to the mortgagee. Defendants' counsel, with commendable frankness, gives to the court a citation of the authorities on both sides of this proposition.

Collinsville Savings Society v. Boston Ins. Co. 77 Conn. 676, 60 Atl. 647, 69 L. R. A. 924; Chandos v. Am. Fire Ins. Co. 84 Wis. 184, 54 N. W. 390, 19 L. R. A. 321; and Erie Brewing Co. v. Ohio Farm-

ers Ins. Co. 81 Oh. St. 1, 89 N. E. 1065, 25 L. R. A. (N. S.) 740, 135 Am. St. 735, 18 Ann. Cas. 265, sustain defendants' contention. The following cases sustain the proposition the rights of the mortgagee to the proceeds of the insurance cannot be compromised or bargained away by the mortgagor without the consent of the mortgagee. Hall v. Fire Assn. 64 N. H. 405, 13 Atl. 648; Harrington v. Ins. Co. 124 Mass. 126; Hathaway v. Ins. Co. 134 N. Y. 409, 32 N. E. 40, 17 L. R. A. 514; Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439; Bergman v. Commercial Assur. Co. 92 Ky. 494, 18 S. W. 122, 15 L. R. A. 270; Brown v. Ins. Co. 5 R. I. 394; Leslie v. Ins. Co. 60 Misc. 558, 112 N. Y. Supp. 496; Scottish U. & N. v. Field, 18 Colo. App. 68, 70 Pac. 149; Hastings v. Ins. Co. 73 N. Y. 141; Phenix Ins. Co. v. Omaha, L. & T. Co. 41 Neb. 834, 60 N. W. 133, 25 L. R. A. 679; Georgia Home Ins. Co. v. Stein, 72 Miss. 943, 18 South. 414. This seems to us so palpably right that discussion is unnecessary, and we hold that the mortgagee has, under such a clause in the policy, the legal right to participate in an adjustment of the loss. Decisions in this state that the mortgagee may, under such a policy, sue and recover the full amount of the insurance, tend to sustain this position. Graves v. Am. Live Stock Ins. Co. 46 Minn. 130, 48 N. W. 684; Maxcy v. New Hampshire Fire Ins. Co. 54 Minn. 272, 55 N. W. 1130, 40 Am. St. 325. It would be strange if, after the mortgagee had brought such an action, the mortgagor could settle it without his consent, and equally strange if the mortgagor could impair the right of action before suit commenced.

Order affirmed.