[No. 23842. Department One. November 22, 1932.]

FIREMAN'S FUND INSURANCE COMPANY, *Plaintiff,* v. A. D. DEVONSHIRE, *Respondent,* CAPITAL SAVINGS & LOAN ASSOCIATION, *Appellant.*[1]

*Bigelow & Manier,* for appellant.

*O. M. Nelson,* for respondent.

HOLCOMB, J.—This action in interpleader was brought by Fireman's Fund Insurance Company, a corporation, as plaintiff, against Smith, Devonshire and Capital Savings & Loan Association, as defendants, to determine to whom the proceeds of a policy of insurance in the sum of $800 should be paid.

Smith is the owner of a small tract of land at the city limits of Montesano, Washington. He had a loan from Devonshire, and, as part security for that loan, had a mortgage clause attached to his insurance policy

[1]Reported in 16 P. (2d) 202.

on a small residence located on his property. Desiring to build another building on the same land, he sought a loan from the Capital Savings & Loan Association, which we will hereinafter call the Capital. Devonshire agreed to satisfy his mortgage, and take a new mortgage which would be second to a mortgage to be given to the Capital. This agreement was carried out, and the Capital made its loan to Smith, sending the money to Devonshire, who is president of a Montesano bank, to be disbursed to labor and materialmen so that the new building would be free and clear of liens.

The Capital secured a fire insurance policy on the new building, as agreed, but the mortgage clause on the old insurance policy, which was on the residence existing prior to its loan, was not transferred from Devonshire to the Capital. Later, a fire occurred which destroyed this residence; and Devonshire claimed the insurance under the mortgage clause attached to the policy, and the Capital also claimed the insurance under its first mortgage and under an alleged agreement that the insurance would be transferred to it in consideration of its making the loan.

The cause being tried to the court without a jury, it made findings of fact and conclusions in favor of Devonshire, holding that the preponderance of the evidence in the case did not show that Devonshire had relinquished his interest in the insurance policy, and entered judgment accordingly. Among others, the trial court made the following finding:

"That there was not sufficient evidence introduced by the defendant, Capital Savings & Loan Assn., to warrant the court in finding that there was any agreement or understanding between the parties defendant hereto that the said insurance was payable to the Capital Savings & Loan Assn., who held a first mortgage on said premises and was fully covered by an insur-

ance policy in the sum of $2,000.00 on another building on the same premises; that the mortgage of the said Capital Savings & Loan Assn., only required the said Edward R. Smith, as owner of said premises, to carry $1,600.00 of insurance on the improvements on said premises, and the said Edward R. Smith carried a policy of insurance in the sum of $2,000.00 in favor of the Capital Savings & Loan Assn. on improvements on said premises.''

Appellant insists that the preponderance of the evidence is contrary to the finding of the trial court, relying upon the testimony of three witnesses for appellant, one of whom was its representative at Aberdeen and the other two being officers of appellant in its general office in Olympia. Certain letters in the record are also relied upon, and the application signed by Smith, the mortgagor. It is clear that Smith signed an application to the Capital pursuant to a previous understanding had between him and Devonshire for a loan of $1,600 on a first mortgage from the Capital, Devonshire having agreed to take a second mortgage for his loan of $950. There was also correspondence between the Capital and Smith concerning the insurance policy in which the loss was made payable to Devonshire, to the effect that the policy should be made payable to the Capital ''as its interest might appear.'' The Capital wrote a letter to Smith, urging that the fire insurance policy Smith had on his home covered by its mortgage be turned over to it. This was in answer to a letter Smith had written to it to the effect that such fire insurance policy was made out to Devonshire and he wanted to keep it. Several days later, Smith wrote the Capital that Devonshire had released that insurance and he would send it to the Capital. The Capital consummated the loan to Smith without obtaining a transfer of the policy.

It is to be noted that the correspondence was be-

tween Smith, the mortgagor, and the Capital, which, by their arrangement, had become the first mortgagee, and Devonshire, the junior mortgagee, and not between Devonshire and the Capital. Devonshire testified, denying that he had agreed to release the insurance he held in favor of the Capital.

Whether or not Devonshire agreed to release his rights to the proceeds of the insurance policy in favor of the Capital, is the crucial question of fact in the case. Were we the triers of the facts, we might have decided otherwise than did the trial court. On appeal, our province is not, however, to pass upon the credibility of the witnesses who testified in the trial court. The application to the Capital by Smith and the correspondence between them could in no wise bind Devonshire, without his assent thereto.

Both parties go far afield, and discuss questions in no way related to any issue involved between these encumbrancers.

It is fundamental that a contract of insurance against fire is a mere personal contract between the assured and the company to indemnify the insured against the loss it may sustain. 26 C. J. 434; 14 R. C. L. 1365.

We can find no case, and neither party has cited any, such as we have before us, where two encumbrancers upon the same property claim the same insurance proceeds.

We consider it good law, however, that the rights of the mortgagee to the proceeds of the insurance cannot be compromised or bargained away by the mortgagor without the consent of the mortgagee. *First National Bank v. National Liberty Ins. Co.*, 156 Minn. 1, 194 N. W. 6, 38 A. L. R. 380.

Since the evidence does not convincingly show that Devonshire consented that the senior encumbrancer

should have the proceeds of this insurance, we are compelled to conclude that the finding and judgment of the trial court were correct.

Appellant also argues that, the insurance having been payable to Devonshire ''as his interest might appear,'' and his interest being solely that of a second mortgagee, any rights he had under the insurance policy would be subject to the first mortgage of appellant.

We cannot so consider. Devonshire's loan was for $950, and the insurance was for $800. His interest was to the limit of the insurance policy in his favor, as measured by the amount of his loan.

The judgment is affirmed.

MITCHELL, PARKER, and MILLARD, JJ., concur.

TOLMAN, C. J., dissents.