626 A.2d 89

MIDLAND LUMBER & SUPPLY, INC., PLAINTIFF, v. J.P. BUILDERS; JOHN H. PISACANO; JOHN AND ROSALIE FERRARI; AND UNITED JERSEY BANK, DEFENDANTS.

Superior Court of New Jersey
Law Division Somerset County

Decided March 19, 1993.

*Steven H. Marks,* for plaintiff, Midland Lumber & Supply, Inc. (*Steinberg and Marks,* attorneys).

*Anthony J. Sylvester,* for defendant, United Jersey Bank (*Riker, Danzig, Scherer, Hyland and Perretti,* attorneys).

ARNOLD, P.J.Cv.

This is the return day of a motion brought by the defendant, United Jersey Bank ("Bank") to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, or in the alternative, for summary judgment. The motion raises the issue of whether a subordinate lien holder named as a loss payee in a fire insurance policy is entitled to the insurance proceeds in preference to the holder of a superior lien on the encumbered real estate.

Briefly the relevant and undisputed facts are as follows. Jon and Rosalie Ferrari owned real property located at 825 Lamington Road, Bedminster, Somerset County, New Jersey. They entered into a contract with defendants, J.P. Builders and J.K. Piscano, to construct a house on that property. The plaintiff, Midland Lumber and Supply Co., ("Midland") is in the business of furnishing building supplies and construction materials and furnished such supplies and materials for the construction of the home being built for the Ferraris. However, before furnishing any supplies or materials Midland filed a Mechanic's Notice of Intention with the Somerset County Clerk. The Mechanic's Notice of Intention was filed on November 20, 1991, served on the Ferraris via certified mail on November 22, 1991, and in November 1992, within four months after furnishing last materials, Midland filed a Mechanic's Lien Claim. Midland contends that it fully complied with the Mechanic's Lien Law, *N.J.S.A.* 2A:44–64 to –124, and the Bank does not dispute that contention.

On December 17, 1991, the Bank entered into a $425,000 construction loan agreement with Jon and Rosalie Ferrari. To secure the loan the Ferraris gave the Bank a mortgage on the real property located at 825 Lamington Road. The mortgage provided that the building on the mortgaged premises would be insured against fire loss "for the benefit of and payable to the mortgagee." On July 13, 1992 the home being built for the Ferrari's was destroyed by fire and in January 1993 the Bank received a check in the amount of $425,000 from the Aetna Insurance Company as payment in full for its loan to the Ferraris. Later the Bank discharged its mortgage. Midland maintains that it is owed $40,382.14 for supplies and materials it furnished for construction of the house, plus a 25 percent attorneys fee pursuant to the terms of sale, and in this lawsuit seeks a judgment requiring the Bank to turn over to it $50,447.68 of the fire insurance proceeds.

Pursuant to *N.J.S.A.* 2A:44–88 and *N.J.S.A.*2A:44–89 a construction mortgage may have priority over a preexisting mechanic's lien in certain circumstances. In this case, however, the Bank admits that none of those circumstances is applicable and that the mechanic's lien had priority over the construction mortgage. Nevertheless, the Bank argues, and this court agrees, that the Bank is entitled to the fire insurance proceeds. This court's reasoning is as follows.

A contract of fire insurance is personal to the insured and does not run with the insured property. *See 495 Corp. v. New Jersey Ins. Underwriting Ass'n,* 86 *N.J.* 159, 163, 430 *A.2d* 203 (1981). Therefore, the holder of a lien on the insured property is not entitled to fire insurance proceeds simply because of its lien. *Newark v. Central & Lafayette Realty Co.,* 150 *N.J.Super.* 18, 23, 374 *A.2d* 504 (App.Div.) *certif. denied* 75 *N.J.* 528, 384 *A.2d* 508 (1977); *In re Cecire,* 9 *N.J.Misc.* 977, 156 *A.* 418 (Essex County Orphan's Ct.1931). A mortgagee does, however, have an insurable interest in the mortgaged property and it is common for mortgage agreements to contain clauses requiring the mortgagor to obtain casualty insurance on the property payable to the mortgagee. *See*

*e.g. Miller v. New Jersey Full Ins. Underwriting Ass'n.,* 188
*N.J.Super.* 175, 457 *A.*2d 23 (App.Div.) *certif. denied* 94 *N.J.* 508,
468 *A.*2d 169 (1983). Because of the personal nature of a contract
of insurance, if an insurance policy is made expressly payable to a
second mortgagee, the second mortgagee is entitled to the policy
proceeds in preference to the holder of a first mortgage who is not
listed as a loss payee under the policy. *Fireman's Fund Ins. Co.
v. Smith,* 170 *Wash.* 207, 16 *P.*2d 202, 203 (1932); 5A John A.
Appleman & Joan Appleman, *Insurance Law and Practice* § 3404
(1969 and Supp.1992). In accordance with these principles, Mid-
land has no right to the insurance proceeds and Midland has been
unable to articulate any public policy reason that would militate
against application of these principles.

Therefore, even giving plaintiff's pleading the deferential treat-
ment to which it is entitled pursuant to *Printing Mart v. Sharp
Electronics,* 116 *N.J.* 739, 771–72, 563 *A.*2d 31 (1989), it is clear
that plaintiff's complaint fails to state a claim upon which relief
may be granted. Accordingly, defendant's motion is granted.