CATHERINE COLLINS *vs.* ST. PAUL FIRE & MARINE INSURANCE COM-
PANY.

November 1, 1890.

Fire Insurance Policy—Mistake in Description—Action for Loss be-
fore Reformation.—A policy of insurance insured buildings situated on
section 31. *Held* that, even if section 31 were inserted by mistake, the
parties intending the insurance to be on buildings upon section 32, no
recovery can be had for a loss to buildings on the latter section without
a reformation of the policy.

Same—Condition as to Absolute Ownership.—Upon a policy providing
that the insurer shall not be liable "if the interest of the assured in the
property is not one of absolute and sole ownership," no recovery can be
had if such interest is only that of a tenant for life.

Appeal by defendant from an order of the district court for Sibley
county, *Edson,* J., presiding, granting a new trial after verdict di-
rected for defendant, in an action to recover $600 on the policy men-
tioned in the opinion.

*John D. O'Brien,* for appellant.

*R. A. & F. C. Irwin,* for respondent.

GILFILLAN, C. J.    This is an action on a policy of insurance upon
a dwelling-house and log barn, and sheds connected therewith, situ-
ate on section 31, township 114, range 25.    Upon the trial the court
below directed a verdict for the defendant, and after such verdict,
upon plaintiff's motion, granted a new trial, and from the order
granting it defendant appeals.    On the case made at the trial it was

impossible for the plaintiff to recover, for two reasons:. *First.* The house, barn, and sheds, for a loss upon which a recovery is sought, were not on section 31; but plaintiff claimed at the trial, and gave some evidence tending to show, that it was the intention to insure, by the policy, similar buildings on section 32, and that section 31 was inserted in the policy through mistake. If this were true it would be good cause for reforming the policy by inserting section 32 instead of section 31, but, until so reformed, no recovery could be had for loss to the buildings on section 32. *Second.* Even if so reformed, no recovery could be had, for the policy provides that the company shall not be liable "if the interest of the assured in the property is not one of absolute and sole ownership," and it appeared beyond controversy that the plaintiff had only a life-estate in the property. Of course she had an insurable interest, but that interest was not insured. The policy expressly excluded from its operation any interest other than the absolute and sole ownership.

Order reversed.