him from giving testimony as to his separate defenses. A like disposition is made of the order as to the defendant Fischer, unless, within five days after the entry and service of an order herein, he comply with the order of Mr. Justice Hascall, by giving the name of the individual to whom his payment was made and by whom the release was given. If he does so comply, the order, in so far as defendant Fischer is concerned, stands affirmed, with costs and disbursements to plaintiff to abide event. All concur.

---

EDWARDS v. FIREMAN'S INS. CO. OF BALTIMORE, MD.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. FIRE INSURANCE—POLICY—TIME FOR PAYMENT OF LOSS—WAIVER.
     The provision in a policy of fire insurance giving the insurer 60 days after notice of loss in which to pay the insurance is waived by denial of all liability under the policy.

2. INVOLUNTARY NONSUIT—APPEAL—DUTY OF COURT.
     A judgment of dismissal at the close of plaintiff's case requires the court on appeal to find the most favorable inferences in favor of the plaintiff.

3. FIRE INSURANCE—POLICY—DESCRIPTION OF LOCATION—SUFFICIENCY.
     In an action on a policy of fire insurance, which described the property as located in V.'s Storage Warehouse, "situate Number 73 M. Street," in a certain city, it appeared that the number stated was the only warehouse V. had in the city, and V.'s office was at that number. The warehouse was composed of four buildings, three of which were on B. street, but connected with the one on M. street by a bridge. The B. street buildings were connected by archways, and there was no access to the warehouse, other than by way of 73 M. street. The insured goods were in fact stored in one of the buildings on B. street, and were there at the time of damage by fire. Held, that the description of the location of the goods was sufficient to entitle plaintiff to recover.

Appeal from City Court of New York, Trial Term.

Action by William E. Edwards against the Fireman's Insurance Company of Baltimore, Md. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

William D. Murray, for appellant.
Donald McLean, for respondent.

FREEDMAN, P. J. This action was brought to recover on a policy of fire insurance issued by the defendant, by which it insured one Dickinson, plaintiff's assignor, in the sum of $750, on the household furniture of himself and family. The policy originally covered the property while situated at No. 534 Warren street, Newark, N. J. Subsequently plaintiff's assignor sent a portion of the goods to a storage warehouse, and an indorsement was made upon the policy as follows:

"* * * $750 in A. H. Van Horn's Storage Warehouse for six months, situate Number 73 Market Street, Newark, N. J. Rate increased to one per cent. per annum. Additional premium $4.13."

While the policy was in force the storehouse where the goods were situated was destroyed by fire, and the property damaged to more than the amount of the sum for which it was insured. Upon notification to the company of such loss, it denied its liability in any amount.

The material facts shown upon the trial are undisputed. The respondent urges but two grounds upon which it claims the judgment of dismissal can be sustained. They are, first, that the property destroyed was in a place other than that specified and described in the policy; and, second, that the action was prematurely brought.

Considering these points inversely, the policy contained a clause giving the defendant 60 days after due notice, etc., in which to pay the loss. As the defendant denied any liability under the policy, those provisions of the policy were clearly waived. Joyce on Insurance, § 3211; Clement on Fire Insurance, p. 352, and cases cited.

The goods of the plaintiff's assignor were stored in Van Horn's Storage Warehouse. A part of the warehouse consisted of three buildings located on Bank street, each connecting with the other by means of an archway, and a building at 73 Market street, connected with the Bank street buildings by means of a bridge running over Campbell street from the second story rear of 73 Market street to the second story of one of the three Bank street buildings. The office of Van Horn, and entrance to the storage warehouse, was at 73 Market street, and Van Horn had no other storage warehouse in the city of Newark. It does not appear in the record that there was any access to the storage warehouse, other than by way of 73 Market street.

The defendant claims that the words in the consent transferring the insured goods to the storage warehouse "situate at No. 73 Market Street, Newark, N. J.," is such a misdescription of the actual location of the property as to render the policy void. In support of this the defendant relies principally upon the case of Bryce v. Lorillard Fire Insurance Company, 55 N. Y. 240, 14 Am. Rep. 249. In that case the insured property was specified as "contained in Letter C. Patterson Stores, South Front, below Pine Street, Philadelphia." The Patterson Stores was a warehouse divided into eight sections or buildings; such sections being alphabetically designated, respectively, by the letters "A," "B," "C," etc. The different sections were divided from one another by substantial brick walls extending above the roof, and there was no communication from one section to the other. At the time of the fire the insured property was in letter "A" of said stores, and not in letter "C"; and it was held that the description of the policy was "a warranty and a condition precedent, not to be avoided by the fact that the truth of the description was not essential to the risk, nor an inducement to the defendant to enter into the contract." I think that case is distinguishable from the one at bar. In the Bryce Case the goods insured were not in the building specified in the policy. It is true they were in the Patterson Stores, but the policy specified them as being insured in letter "C," one of the buildings composing said stores, when in fact they were in letter "A," an entirely different building or section from that described in the policy, and having no connection with section "C." In the case at bar the policy specified the place as "in A. H. Van Horn's Storage Ware-

house, situate at No. 73 Market Street, Newark, N. J." The goods had previously been insured in a dwelling house at 534 Warren street, Newark, N. J. The defendant knew that they were to be placed in storage, and that such storage was to be in Van Horn's Warehouse, as it issued its transfer of the risk to that place, and it charged and received an increased rate of premium therefor. No particular part of said warehouse was named, and the clear intent of the parties was that the goods should be stored, and stored in the identical warehouse to which they were taken and in which they were destroyed. It is not claimed that No. 73 Market street is or ever was used for any other purpose or designated by any other name than Van Horn's Storage Warehouse, except that Van Horn also kept furniture, etc., for sale therein; and, as appears by the testimony, it was the entrance of, and formed part of,. the building in which the goods were actually located. The decision in the Bryce Case was based upon the fact that the building "was so constructed as to be of many divisions, practically separate from each other, for safety from fire, and treated as distinct in making contracts of insurance. Certainty of description needed some expression of what division it was in. This was the office of 'Letter C.' If that phrase be rejected, and no truthful phrase be inserted, the description fails to show just where in Patterson Stores the property was placed. That phrase, though false, might harm, for it pointed the description to a wrong place, and some equivalent for it was needed to complete a truthful description." · There was nothing contained in the policy in the case at bar specifying more than that the goods were "in A. H. Van Horn's Storage Warehouse," and they were there when burned. If we concede that the words "situate‚ at 73 Market Street" are false, nevertheless the rule laid down in the Bryce Case is "that there must be in the description so much that is true, as, casting out that which is false, there is still enough left to clearly point out the place in which is the property." Judged by that standard, the reference to the street number, disregarded as being incorrect, leaves the designation of "in Van Horn's Storage Warehouse, Newark, N. J.," as a clear and plain description of the location of the insured property. "The addition of a falsity or error in a description is never allowed to hurt, where, upon rejecting it, sufficient particulars remain to designate with certainty the object intended to be described." Burr v. The Broadway Ins. Co., 16 N. Y. 267. In the latter case the property was insured as being in "a 3½-story brick building, slate roof, coped, occupied as a patent cordage manufactory, situate on No. West Corner of First· and South Eighth Streets." The goods covered by the policy were described as "lignum vitæ in the cellar of said building." The plaintiffs owned two brick buildings on the west corners of the designated street; the northwest one having no cellar, and the southwest having a cellar containing the goods insured. The defendant claimed that the two letters "No." immediately preceding the words "West corner of First and South Eighth Streets" should be read "North," which would leave no doubt that the building insured was not the one containing the goods that were destroyed. It was held that, excluding from the description that part which designated the corner, "sufficient remains to render certain the building to

which the contract relates." To the same effect are Hatch v. New Zealand Ins. Co., 67 Cal. 122, 7 Pac. 411; Baker v. State Ins. Co., 31 Or. 43, 48 Pac. 699, 65 Am. St. Rep. 807.

In the Bryce Case it was said that:

"Though there was a warehouse known as 'Patterson's Stores' it was made up of several divisions, as distinct, for the purpose of storing property and of the insurance against it, as the dwelling houses in a block, and that to know the place of the property needed the naming of the section of the building in which it was."

In the case at bar the storage warehouse consisted of connecting rooms or lofts, nothing but archways between the storage rooms, and the entrance being upon Market street. The complaint herein was dismissed at the close of the plaintiff's case, and the most favorable inferences must be found in favor of the plaintiff. Plaintiff's assignor testified:

"When I went there after the fire to see my goods I entered at 73 Market street. I went to the elevator, went up two floors, then crossed the bridge I spoke of, and went up another flight into the place where the goods were. The bridge was a wooden structure, closed roof, sides, and all, and seemed, while we were going through, as if we were all in one building."

I think that it may well be said that No. 73 Market street was a portion of the Van Horn Storage Warehouse, and that it not only appears that the description of the location of the warehouse was correctly given, but that, if we eliminate the words "situate No. 73 Market Street" from the description entirely, sufficient remains to clearly point out the location of the insured property, and that therefore the judgment must be reversed.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.