## JOE McLEVIS AND ANOTHER v. ST. PAUL FIRE & MARINE INSURANCE COMPANY.[1]

January 15, 1926.

No. 24,885.

**Misrepresentations in application for fire insurance not made with intent to defraud.**

Plaintiff had only a life estate but, in applying for fire insurance on his dwelling, stated that he was the owner of the property and that the "nature" of his title was by deed, whereas he took under the law of descent from his deceased wife. *Held*, under the circumstances stated in the opinion, to warrant the findings that the misrepresentations were not made with intent to deceive or defraud and that they did not increase the risk.

Appeal and Error, 4 C. J. p. 880 n. 94.
Fire Insurance, 26 C. J. pp. 162 n. 64; 172 n. 81; 181 n. 49; 540 n. 90.

Action in the district court for St. Louis county to recover on a policy of fire insurance. The case was tried before Kenny, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Lewis & Hunt* and *Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*Jenswold, Jenswold & Dahle,* for respondents.

STONE, J.

Action on a policy of fire insurance tried without a jury. After a decision for plaintiffs, defendant appeals from the order denying its motion for amended findings or for a new trial. The State Bank of Willow River appears in the case as plaintiff to assert its rights as assignee of its co-plaintiff, McLevis. For convenience we will refer to the former as the bank and the latter as plaintiff.

The policy covered a relatively new dwelling. There was a total destruction of the building, resulting in a loss to the full amount of

[1]Reported in 206 N. W. 940.

the policy, $3,000. The sole defense is put upon the falsity of certain answers made by plaintiff in his written application for the insurance. The policy provided that it should be void "if any material fact or circumstance stated in writing has not been fairly represented by the insured." In that connection there is also to be considered G. S. 1923, § 3370, to the effect that no oral or written misrepresentation made by the insured or in his behalf in the negotiation of insurance, "shall be deemed material, or defeat or avoid the policy or prevent its attaching; unless made with intent to deceive and defraud, or unless the matter misrepresented increases the risk of loss." That statute has placed warranties with respect to insurance upon the basis of representations so that a breach of warranty now has no more effect than a misrepresentation. First Nat. Bank v. Liberty Ins. Co. 156 Minn. 1, 194 N. W. 6, 38 A. L. R. 380.

The questions and answers relied upon by defendant are these: "Is the title to the property in your name? (Answer) Yes. What is the nature of your title, is it by deed or contract? State fully. (Answer) Deed." Plaintiff was not the absolute or record owner, but had only a life estate in the property. It was the family homestead and the title of record remained in the name of plaintiff's wife, recently deceased. Her estate had never been probated so that even plaintiff's ownership of the life estate, although unquestioned, did not appear of record.

Defendant's soliciting agent at Willow River was Mr. Erickson, cashier of the bank. He knew the condition of the title and that the homestead stood in the name of Mrs. McLevis. The bank had loaned plaintiff $400 to aid in the construction of the new dwelling. It was to secure that loan that Mr. Erickson solicited plaintiff to take the policy in question. We assume that his purpose was more to get insurance protection for the bank's interest as mortgagee than to procure the business for defendant. But, as against plaintiff, that does not nullify his agency for defendant. The written application for the policy was taken by Mr. Erickson. There was no one else to explain the answers to plaintiff who, the record indicates, could not have had an appreciation of the requirements of the situa-

tion equal to that of Mr. Erickson. The knowledge of the latter concerning the legal title of the premises and its incidents might well have been considered equal to or greater than that of plaintiff.

There is no question but that plaintiff had an insurable interest. Collins v. St. P. F. & M. Ins. Co. 44 Minn. 440, 46 N. W. 906; Banner L. Co. v. G. E. C. Co. 148 Minn. 29, 180 N. W. 997; The Andes Ins. Co. v. Fish, 71 Ill. 620. That is conceded for defendant whose counsel aptly say: "We are concerned in this case not with whether [plaintiff] had an insurable interest in this property but whether such interest as he had was insured." It was so insured unless the misrepresentations made by plaintiff in his written application were made with intent to deceive and defraud or unless "the matter misrepresented [increased] the risk of loss." Upon both issues the findings are for plaintiffs. Both the intent of the misrepresentations and their possible increase of risk are negatived. So we cannot reverse unless we can say as matter of law that the indicated result is wrong.

The finding with respect to the intent of plaintiff settles that issue. Plaintiff probably has such meager business experience and is so unfamiliar with transactions of the kind in question that, if he entertained and expressed the notion that he was owner of the property, there is no ground for the imputation of bad faith. If he had been so minded, it is hardly conceivable that he would have endeavored to deceive Mr. Erickson, who knew all about the title and the limitation of plaintiff's interest to the life estate. It is clearly not such a case as Murray v. Preferred Acc. Ins. Co. 199 Iowa, 1195, 201 N. W. 595, where "the intent to deceive will be inferred." There are here too many circumstances consistent with honesty and too inconsistent with dishonesty to compel any such inference.

The remaining and serious question concerns the effect of the misrepresentations. Did they increase the risk of loss? Insofar as it is a question of fact, the negative finding is conclusive. Our examination of the case has led us to the conclusion that we cannot say otherwise as a matter of law. It is difficult to see how the innocently mistaken affirmation that title was in plaintiff's name

could have enhanced the risk. Under the circumstances of this case, we find nothing which permits us to question the finding that the risk was not increased by the title's not being in plaintiff.

The other misrepresentation is the answer to the effect that the "nature" of plaintiff's title was by "deed." The application required plaintiff to state fully his answer. But the obvious deficiency of the answer cannot be charged to plaintiff for it was secured and written by defendant's agent Erickson, whose testimony shows that he knew what the fact was. Compare Parsons, Rich & Co. v. Lane, 97 Minn. 98, 107, 106 N. W. 485, 4 L. R. A. (N. S.) 231, 7 Ann. Cas. 1144. But passing that, there is merit in the view taken below that, plaintiff not having been asked about the "quantum" of his title, there was no increase of the risk by referring the "nature" of it to "deed" rather than the law of descent. The mistake was as to the derivation and not the "quantum" of the title. There again we cannot say that the negative finding as to the increase of risk is wrong as a matter of law.

True, the title was less than represented by plaintiff, but he was only 30 years of age with a relatively long expectancy of life. The subject matter of the insurance was the home of plaintiff and his 4 minor children. Nothing appearing to the contrary, it is difficult to suppose a case where there would be less motive for the wilful destruction of a dwelling. So we cannot say, as a matter of law, that the risk was increased by the misrepresentations concerning it.

The policy provided that it should be void "if any material fact or circumstance stated in writing has not been fairly represented by the insured." That provision is controlled by the statute already discussed. The policy did not contain any provision avoiding it "if the interest of the insured in the property is not one of absolute and sole ownership." So cases involving policy clauses of that kind are clearly distinguishable, e. g. Collins v. St. P. F. & M. Ins. Co. 44 Minn. 440, 46 N. W. 906. They have to do with absolute conditions of liability, the failure of which is fatal to the insurance. There was no such condition here. There was only a misrepresentation, the effect of which on the policy is controlled by the statute.

It is true, as argued for defendant, citing Graham v. Fireman's

Ins. Co. 87 N. Y. 69, 41 Am. Rep. 349, that "the insurer has a right to know to what extent the insured has the ability to protect, or an interest in protecting, against the perils insured against." It is equally true that it is for the insurer who depends upon a written application of his own preparation to use questions sufficiently simple, apt and comprehensive to elicit the desired information; and that the agent for the insurer who, knowing the facts, permits them to be innocently misstated in the application, undergoes a responsibility for the misstatement which is imputed to his principal. The claim of an insurer that the term "owner" as used in applications for insurance means "absolute owner" or "owner in fee simple of the entire land" was repudiated in Convis v. Citizens Mut. Fire Ins. Co. 127 Mich. 616, 620, 86 N. W. 994, 996. It was there held that "the term 'owner' is comprehensive, and must be held to include in the application any insurable title or interest which the applicant has, and which entitles him to possession and use."

We need not go that far in this case for plaintiff had a freehold consisting of a life estate which "was sufficient to sustain a general claim of ownership." The Andes Ins. Co. v. Fish, 71 Ill. 620, 624. In that case, as here, the insured had only a life estate but claimed to be the owner. Her answer was justified and she was absolved from the charge of false swearing. It was very aptly said that she had not undertaken "to define the character of her title with technical precision and probably could not have done so had she attempted."

In Allen v. Charlestown Mut. Fire Ins. Co. 5 Gray (Mass.) 384, 388, it was held expressly that "the owner of a freehold, in common parlance, as well as under the law, is regarded as the owner of the estate." So it was considered that a widow holding only a life estate, and that a defeasable one, answered with substantial truth when in an application for insurance she affirmed that she owned the land on which the buildings stood, the court saying in that connection: "We cannot think parties applying for insurance are called upon to settle, with very great precision, questions of title."

Affirmed.