MARY FRIEDBERG et al., Plaintiffs, *v.* HERNON SANTA CRUZ et al., Defendants.

Supreme Court, Special Term, Nassau County, November 5, 1948.

*Munley & Meade* for plaintiffs.

*Glenney, Mathews & Hampton* for defendants.

DALY, J. The plaintiffs, husband and wife, sue the defendants for damages for personal injuries and loss of services alleged to have resulted from an accident in which the plaintiff Mary Friedberg was injured as a result of the negligence of the defendant Adriana Santa Cruz in the management and operation of an automobile owned by her husband, the defendant Hernon Santa Cruz. Said defendants, appearing generally, have interposed their verified answer in which they join issue on the merits in respect of the material allegations of the causes of action alleged by each of the plaintiffs. By an affirmative defense alleged on information and belief, they assert diplomatic immunity in the territory of the United States under the provisions of section 15 of Public Law 357 (80th Cong., 1st Sess., ch. 482) of the defendant Hernon Santa Cruz inasmuch as at the time of the commencement of the action he was Ambassador E. and P., Permanent Representative to the United Nations from the Republic of Chile, and that at the time of the commencement of the action, the defendant Adriana Santa Cruz was the wife of said ambassador and for that reason entitled likewise to diplomatic privileges and immunities and that, therefore, this court had no jurisdiction of the causes of action or of the persons of said defendants.

The plaintiffs now challenge the legal sufficiency of the defense and in opposition the defendants assert the right to this immunity and the propriety of raising the question of jurisdiction in the manner that they did raise such question, i.e., by answer.

It is clear that if the defendants did not intend to subject themselves to the jurisdiction of this court, they should have appeared specially and moved to quash or set aside the service of process upon them because of lack of such jurisdiction. (*McClure Newspaper Syndicate* v. *Times Print Co.*, 164 App. Div. 108.) By interposing an answer and joining issue on the merits of the action, the defendants have submitted to the court's jurisdiction over their person and property notwithstanding that in addition they have affirmatively asserted the defense of lack of jurisdiction. (*Brainard* v. *Brainard*, 272 App. Div. 575, affd. 297 N. Y. 916.) A party to an action, who intends to challenge jurisdiction, must rely solely upon that objection. He cannot at the same time defend on the merits as such positions are inconsistent and when he adopts both at one time, he is deemed to have waived his jurisdictional objection. (*Braman* v. *Braman*, 236 App. Div. 164; *Citizens Trust Co.* v. *Prescott & Son*, 221 App. Div. 426.)

As already indicated, the proper procedure is to appear specially, raise the jurisdictional question by motion, and if defeated, answer on the merits iterating the objection to the jurisdiction. (*Muslusky* v. *Lehigh Valley Coal Co.*, 225 N. Y. 584, 587.) By following such a procedure, the defendant preserves his right to contest the jurisdiction, notwithstanding that he participates in the litigation. As was stated in *Matter of Finsilver, Still & Moss, Inc.* v. *Goldberg, Maas & Co.* (253 N. Y. 382, 391): " the rule is well established and of general validity that where there is seasonable protest or disclaimer in response to a claim of jurisdiction, the protest or disclaimer is not nullified by proceeding thereafter to a hearing on the merits [citations]."

Having appeared generally and interposed their answer on the merits, the defendants waived the jurisdictional question. Moreover, by obtaining a license to own and operate a motor vehicle in the State of New York, the defendants must be deemed to have assumed, in connection with such privilege, the burdens thereof, as outlined in section 59 of the Vehicle and Traffic Law of the State of New York, pursuant to which every owner of a motor vehicle operated upon a public highway is liable and responsible for death or injuries to persons or property, resulting from negligence in the operation of such motor vehicle in the business of the owner, or otherwise, by any person legally using and operating the same with the permission of the owner, express or implied. The answer herein admits that the ambassador owned the motor vehicle in question and permitted his wife to operate and control it on the public highway in Nassau County, where the accident occurred. It is not to be supposed that he intends to avail himself of immunity from a suit brought by private citizens of this country, who have suffered injuries as a result of such an accident. His voluntary general appearance on the merits would seem to indicate his intention to invite a judicial determination of his and his wife's liability for the accident complained of.

Accordingly, plaintiffs' motion to strike the defense is granted. Submit order.