MARY FRIEDBERG et al., Respondents, v. HERNON SANTA CRUZ et al., Appellants.— In an action to recover damages for personal injuries and for loss of services, alleged to have been due to the negligent operation of a motor vehicle owned by defendant Hernon Santa Cruz, and operated by his wife, defendant Adriana Santa Cruz, the defendants interposed an answer containing a general denial, and an affirmative defense alleging that defendant Hernon Santa Cruz is Ambassador E. and P., Permanent Representative to the United Nations from the Republic of Chile, and that defendant Adriana Santa Cruz is his wife; that they were recognized by the Department of State as entitled to diplomatic privileges and immunities in the territory of the United States; and that the court did not have jurisdiction of the cause of action or of their persons. Plaintiffs' motion to strike out the affirmative defense, pursuant to rule 109 of the Rules of Civil Practice, on the ground that it is insufficient in law, was granted, and defendants appeal. Order reversed on the law, with $10 costs and disbursements, and motion denied, with $10 costs. Under section 15 of Public Law 357 of the 80th Congress (1st Sess., 1947, ch. 482), a permanent representative to the United Nations with the rank of ambassador or minister plenipotentiary is entitled to the same privileges and immunities in the territory of the United States as it accords to diplomatic envoys accredited to it. Section 1251 of title 28 of the United States Code, in effect September 1, 1948 (derived from former Judicial Code, § 233), provides, among other things, that the Supreme Court shall have " original and exclusive jurisdiction " of " All actions or proceedings against ambassadors or other public ministers of foreign states or their domestics or domestic servants * * *." The defense, insofar as it is asserted on behalf of appellant Hernon Santa Cruz, is clearly sufficient in law. If we assume the truth of the allegations of the defense, exclusive jurisdiction is vested in the United States Supreme Court, and the courts of this State have no jurisdiction of the action. Such lack of jurisdiction could not be

waived; nor was jurisdiction obtained by reason of appellant's general appearance, or his pleading to the merits of the case. (*Davis* v. *Packard,* 7 Pet. [U. S.] 276; *Valarino* v. *Thompson,* 7 N. Y. 576; *Dudley* v. *Mayhew,* 3 N. Y. 9; *Robinson* v. *Oceanic Steam Navigation Co.,* 112 N. Y. 315.) The defense alleged on behalf of appellant Adriana Santa Cruz also is sufficient. In our opinion, the term " domestics ", in section 1251 of title 28 of the United States Code, includes a member of the ambassador's or minister's family, dwelling in his household. While it is true that in present day usage the word " domestics ", is ordinarily understood as meaning household servants, we must bear in mind in determining the intent of the Congress that the terminology employed in the present statute dates back to 1789, when it first appeared in a predecessor statute. (Act of Sept. 24, 1789, ch. 20, § 13; 1 U. S. Stat. 80.) Definitions of the word " domestic," as that word was formerly used, include " A member of a household; inmate " (Webster's New International Dictionary [2d ed.]); " one who dwells in the same house with another; * * * a member of the family (including children and relatives)." (Oxford New English Dictionary [1897 ed.]. See, also, Bailey's Etymological English Dictionary [1755 ed.]; Ash's New and Complete Dictionary of the English Language [1775 ed.]; Johnson's Dictionary of the English Language [1st Amer. ed., 1819].) It is apparent that in using the words " domestics " and " domestic servants ", Congress intended to ascribe a different meaning to each term. That intent may be carried into effect only if we construe the word " domestics " in accordance with its meaning at the time when the statutory language was originally adopted. Moreover, if, as alleged by defendants, the Department of State has recognized their claim of immunity, its determination of that question is conclusive. (*Matter of United States of Mexico* v. *Schmuck,* 293 N. Y. 264, reargued 294 N. Y. 265.) Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ., concur. [193 Misc. 599.] [See 275 App. Div. 710.]