## Presson *v.* Commonwealth Mutual Fire Insurance Company of Pennsylvania, Appellant.

Argued November 15, 1950. Before DREW, C. J., STEARNE, JONES, LADNER and CHIDSEY, JJ.

*J. Webster Jones,* for appellant.

*Bertram Bennett,* with him *Jenkins, Bennett & Jenkins,* for appellee.

OPINION BY MR. JUSTICE JONES, January 5, 1951:

The plaintiff insured with the defendant company the fixtures, equipment, furnishings and decorations of a Club against loss by fire while "located and contained as described [in the policy] . . . but not elsewhere." The policy recited the insured property as being in a building "occupied as a Club situated E/S of U.S. Highway #61 on Part of U.S. Private Survey No. 1062 Twp. 24 Range 14, New Madrid County one mile South of Sikeston, Missouri, State of Missouri." Damage to the property by fire having occurred, the defendant refused to pay the plaintiff's claim for loss on the ground that the building in which the property was contained was located not on Survey No. 1062 but on Survey No. 1032.

The plaintiff sued on the policy to recover the amount of his loss. The defendant's answer set forth as its defense the ground above indicated. The proofs at trial showed that the described location of the building containing the insured property was given the defendant company by a New York brokerage agency which had received it from a broker in Sikeston, Missouri, through whom the plaintiff had placed the insurance. The plaintiff himself did not furnish his broker with the description used in the policy and testified that Survey No. 1062 or No. 1032 meant nothing to him whatsoever. The learned trial judge submitted the case to the jury upon instructions that if the jury found that there was no intent on the part of the plaintiff to give a false description of the location of the property, but that the incorrect survey number was merely a mistake, and the location of the property was otherwise sufficiently indicated, the jury could conclude that the property was properly covered by the

policy. The jury returned a verdict for the plaintiff for the amount of his claim. The defendant moved for judgment n.o.v. which the court en banc refused and entered judgment on the verdict from which the defendant appeals.

The only mistake the learned trial judge made was in submitting the case to the jury. Binding instructions for the plaintiff should have been given. None of the facts was controverted; the proven amount of the plaintiff's loss was undisputed; and there is not a word of evidence to support a finding that the number 1062 instead of 1032, in respect of the U.S. Survey, was anything other than a typographical error or, at worst, an innocent mistake. The question involved was, therefore, one of law for the court. However, since the jury returned the proper verdict, the submission was harmless; and, the learned trial judge did satisfactorily dispose of the legal question in refusing, for the court en banc, the defendant's motion for judgment n.o.v.

The sole question of law involved is whether the mistake in the survey number affected the character of the risk or was an immaterial variance. The learned court below effectively and succinctly answered that query when it said that "the East side of U.S. Highway #61, in Township 24, Range 14, New Madrid County, one mile South of Sikeston, Missouri" accurately and adequately described the location of the building in which was contained the property which the plaintiff intended should be insured and which the defendant company intended to insure. No further description was needed. The survey number amounted to no more in the circumstances than inconsequential surplusage. The pertinent legal criterion is whether there is sufficient description, exclusive of the erroneous reference, to identify the building containing the property intended to be insured. If there is, then the error is an immaterial variance with no effect whatsoever upon the

validity of the policy.   See *Litto v. Public Fire Ins. Co.*, 109 Pa. Superior Ct. 195, 197-198, 167 A. 603.   The cases to that effect are legion; and we have not been cited any compelling decision to the contrary.

The applicable rule was well exemplified in *James F. Curnen v. The Law Union and Rock Insurance Company, Limited*, 159 App. Div. 493, 144 N.Y. Supp. 499, where the insurance policy covered furniture and personal effects "contained in or on the building . . . situate northeast cor. of 2nd street, and Wolf's lane . . .", whereas the building was actually located on the northwest corner.   The court there said,—"Such an inaccuracy raises a question of construction: Can the part plainly erroneous be rejected, and yet leave enough to designate the location with certainty?   This rule of construction has frequently been resorted to in aid of clerical misdescriptions of the site of insured buildings or of buildings containing the property to be insured.   The rule of rejecting such errors, where sufficient remains to show the place intended, has been applied where the building containing the subject-matter has been described by an inaccurate street number (Westfield Cigar Co. v. Insurance Cos., 165 Mass. 541, 43 N.E. 504) ; where a warehouse containing the insured goods was described from the street number in the rear, instead of on the street where it fronted (Edwards v. Fireman's Insurance Co., 43 Misc. Rep. 354, 87 N.Y. Supp. 507) ; and where furniture insured was inadvertently written as on the southerly, instead of the northerly, side of a country road (Le Gendre v. Scottish Union & Nat. Ins. Co., 95 App. Div. 562, 88 N.Y. Supp. 1012).   Also, as here, where a street corner was denoted by a wrong compass direction.   Burr v. Broadway Insurance Co., 16 N.Y. 267.   This last case raised a further difficulty, as the insured did own two buildings quite similar on the northwest and at the southwest corners of the crossing streets.   Yet by eliminating

from the policy 'No. west,' enough was left to make certain the building to which the contract related."

The appellant's citations are not germane. For the most part, they are but general statements of law as to which there can be no dispute but which have no pertinency to the question here presented. For instance, appellant quotes from *Levinton v. Ohio Farmers Insurance Co.,* 267 Pa. 448, 451-452, 110 A. 295, that "Recovery can be had only when the loss is brought fairly within the terms of the contract or by reasonable intendment covered by it." Manifestly! In the case of *Davison v. The London & Lancashire Fire Insurance Company,* 189 Pa. 132, 136, 42 A. 2, Mr. Justice MITCHELL specifically noted that "The plaintiff's policy was made void by the removal of his goods to another building in another town." No question of misdescription with respect to the location of the insured goods was in any way involved. The one case, which appellant cites, of error in a policy's description of the location of the insured property is *Collins v. St. Paul F. & M. Ins. Co.,* 44 Minn. 440, 46 N.W. 906. But, there, recovery "for loss to the buildings on section 32" depended, so far as misdescription was concerned, upon the policy's first being reformed for mistake "by inserting section 32 instead of section 31" which had been erroneously written in the policy. In Pennsylvania, where equitable principles are administered in common law forms, reformation of a policy in equity for mere mistake is not a prerequisite to an action upon it at law: cf. *Litto v. Public Fire Ins. Co.,* supra, at p. 200; see also Restatement, Contracts, §507. On the principal question the *Collins* case actually supports the appellee's contention.

Judgment affirmed.