## JONES v. PROTECTION MUT. FIRE INS. CO. OF CAMBRIA COUNTY.
## JONES v. COMMONWEALTH MUT. FIRE INS. CO. OF PENNSYLVANIA.

### Civ. Nos. 9325, 9327.

United States District Court
E. D. Pennsylvania.

Feb. 23, 1951.

Owen B. Rhoads, Philadelphia, Pa., for plaintiff, Paul Jones, Jr.

Kolander & Saltzburg, Philadelphia, Pa., for defendant; Protection Mut. Fire Ins. Co. of Cambria County.

J. Webster Jones, Philadelphia, Pa., for defendant, Commonwealth Mut. Fire Ins. Co. of Pennsylvania.

FOLLMER, District Judge.

This case was tried before the Court and without a jury, with judgment in favor of the plaintiff. 93 F.Supp. 505. Defendants have moved for a new trial and judgment N.O.V.

Counsel for defendants commence their brief with a tirade upon the insurance situation in Missouri. There is no evidence pertinent thereto in this action, nor is it material.[1] Suffice it to say that defendants did choose to issue a considerable number of policies on property, both real and personal, in Missouri. Counsel takes umbrage at the fact that the Court did not discuss the general law pertaining to mutual fire insurance companies. The brief, page 3, states: "Counsel carries the distinct impression that the court has not realized this defendant is a mutual fire insurance company of the State of Pennsylvania, incorporated in 1907", and that the holder of a policy therein is bound to know its articles and by-laws. The word "mutual" appears in the corporate name where "he who runs may read." Its articles of association and by-laws are not in evidence.

The action was instituted in this District. Whether defendants were or were not unlicensed insurers in Missouri, and whether or not defendants could have been sued in Missouri is purely academic. Defendants' conclusion in connection with the foregoing that "there would be no jurisdiction in its (Missouri's) Insurance Commissioner to classify risks or fix rates for the defendant"[2] has no bearing. No such finding was made. The Finding of Fact (No. 36) was that the rating bureau "was *requested* to quote a rate" and the fact is that a rate was quoted on the specific property and that defendants did insure the specific property at the quoted rate, which they adopted. Whether compelled to or not, defendants certainly availed themselves of and used the service.[3]

Defendants contend that in the Court's Findings of Fact as to O. L. Miller acting on behalf of the defendants, it entirely overlooked the requirement of 40 P.S. § 231 et seq. Under the facts and circumstances as developed in this case I feel that statute has no applicability here. Under the general law of agency there may be a principal and agent relationship out-

1. Counsel states, inter alia: "Consequently, unless sandbagged, drugged and dragged over the border, no insurance company whose executives are over two degrees above morons will enter this cesspool of insurance crookedness."

2. Defendants add: "That portion of the court's findings, which is predicated upon the ability of the rating bureau of Missouri to effect classifications and rates for the defendant Pennsylvania

Mutual Insurance Company are affected by this rule of law."

3. Defendants' argument would lead to the naive conclusion that without any one acting on their behalf and without having had any examination of the property, they blindly and out of thin air plucked an insurance rate for (if we accept defendants' contention) a non-existent property.

side of the scope of this statute,[4] as regards the particular type of activities of O. L. Miller with which we are here concerned. Even had the error in description occurred through the inadvertence of insured's broker, this would not be fatal.[5]

Defendants repeatedly in their brief refer to the fact that the description of the property covered by the policy read, inter alia, "one story approved roof frame building and contents"; that the property was actually a two and one-half story building and in support thereof refers to a photograph. However, the individual, O. L. Miller, who inspected the numerous properties for this defendant for the purpose of identifying properties and fixing rates thereon, testified as follows:

"Q. Did you at all times from the first inspection you made of the Jones property know that this was the only piece of Jones property in this vicinity that was to be covered by any insurance policy that might be written upon your inspection? A. It was the only piece of property owned by Jones that was ever inspected by me.

"Q. Was the property that you inspected for any policy of insurance a one story or a two story building? A. I considered it a one story building.

"Q. Were you ever in the property? A. Yes, sir."

■ Defendants' contention that reformation of the policy in equity is a prerequisite to a suit on the policy is fully disposed of by the Supreme Court of Pennsylvania in Presson v. Commonwealth Mutual Fire Insurance Company of Pennsylvania, 366 Pa. 436, 77 A.2d 353.

In the light of defendants' motions, and possibly emphasized a bit because of the extreme language of defendants' brief, I have again carefully and thoroughly reviewed the notes of testimony and the exhibits, and am firmly convinced that my original conclusion was correct. I therefore see no reason for making any changes in my original Findings of Fact or Conclusions of Law, and must leave the defendants to the appellate relief to which they referred so frequently and with such great vehemence in their brief.

---

4. Cf. Pearl Assurance Company, Ltd. v. National Insurance Agency, Inc., 150 Pa. Super. 265, 28 A.2d 334.

5. Insurance Law and Practice, Appleman, Vol. 4, § 2351. See, also, Presson v. Commonwealth Mutual Fire Insurance Company of Pennsylvania, 366 Pa. 436, 77 A.2d 353, involving claim against this defendant by the owner of the equipment, furnishings, etc., of the Club which were destroyed in this fire.