PATRICIA J. LANG, by MARGARET I. LANG, Her Guardian ad Litem, Plaintiff, *v.* MERCHANTS MUTUAL CASUALTY COMPANY, Defendant.

Supreme Court, Special Term, Livingston County, November 14, 1952.

*Louis L. O'Brien* for defendant.

*George D. Newton* for plaintiff.

ROBERTS, J. This is an action brought by an injured person against an insurance company pursuant to section 167 of the Insurance Law. The defendant issued an automobile liability policy to one W. Russell Laidlaw and after the happening of an accident in which the plaintiff was injured, disclaimed liability under such policy. Following this the plaintiff recovered a judgment against the insured on July 25, 1952, subsequent to which the present action was brought.

The judgment with notice of entry thereof was served upon the insured on July 26, 1952. The present action was commenced August 19, 1952. This motion is made upon the ground that the action was commenced prematurely and less than thirty days after service of such notice of entry of judgment and upon the further ground that no notice of entry of said judgment was served upon the insurer.

Subdivision 7 of section 167 of the Insurance Law provides that an action may be maintained by any person who has obtained a judgment against the insured " Subject to the limitations and conditions of subsection one, paragraph (b), * * * against the insurer upon any policy or contract of liability insurance which is governed by said paragraph (b), to recover the amount of a judgment against the insured ".

Subdivision 1 of section 167 provides in substance that no policy shall be issued unless it contains certain provisions among which are the provisions specified in paragraph (b). Paragraph (b) provides that in case a judgment against the insured " shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may * * * be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract."

It is conceded by the plaintiff that this action was brought less than thirty days from the serving of notice of entry of judgment upon the insured, and it is further conceded that

no entry of judgment was served upon the insurer prior to the commencement of the action. The plaintiff takes the position that compliance with these requirements was waived by the defendant when it disclaimed liability under its policy.

Provisions of a policy or contract requiring that notice or proof of loss be given and that no action may be maintained for a specified period thereafter are waived by a disclaimer of liability (*Callahan* v. *London & Lancashire Fire Ins. Co.*, 98 Misc. 589, affd. 179 App. Div. 890; *Edwards* v. *Fireman's Ins. Co.*, 43 Misc. 354; *Reese* v. *Fidelity & Deposit Co.*, 93 Misc. 31; *Yazujian* v. *J. Rich Steers, Inc.*, 195 Misc. 694; 5 Joyce on Law of Insurance [2d ed.], § 3211). While the provisions here involved are contained in the policy, their inclusion in the policy is required by statute and hence are in effect statutory provisions or requirements. This fact alone would not alter the effect of a waiver because a party for whose benefit a statutory provision has been enacted may, in the absence of any question of public policy, waive the benefit of the statute (*People ex rel. McLaughlin* v. *Board of Police Comrs. of City of Yonkers*, 174 N. Y. 450; *Sentenis* v. *Ladew*, 140 N. Y. 463; *Ryan* v. *City of New York*, 177 N. Y. 271; *City of Ithaca* v. *Ithaca St. Ry. Co.*, 145 App. Div. 675; *Matter of Dinan* v. *Patterson*, 193 Misc. 92, affd. 275 App. Div. 801).

A different situation is presented where the statutory provisions are jurisdictional. Prior to the enactment of section 109 of the Insurance Law, which later became section 167, an injured person had no right of action against the insurer (*Jackson* v. *Citizens Cas. Co.*, 277 N. Y. 385). The statute created a new right of action subject to certain specified conditions. Until notice of entry of the judgment be served both upon the insured (or his attorney) *and* upon the insurer, *and* until the judgment thereafter remains unsatisfied for thirty days, the action cannot be maintained. These are conditions precedent which must be complied with by an injured party before he can avail himself of the right of action which the statute created. The requirements are therefore jurisdictional. A statutory provision which is jurisdictional in its nature cannot be waived even by the one intended to be benefited thereby (*Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315; *Shea* v. *Export S. S. Corp.*, 253 N. Y. 17; *City of Oswego* v. *Montcalm Dock Co.*, 245 App. Div. 555; *Chamberlin* v. *City of Yonkers*, 253 App. Div. 917; *Friedberg* v. *Santa Cruz*, 274 App. Div. 1072). The disclaimer of the defendant here did not relieve the plaintiff of the requirement

that notice of entry of the judgment must be served upon the insurer as well as upon the insured, nor did it waive the requirement that the judgment must remain unsatisfied for thirty days thereafter before the action could be brought.

Motion granted, without costs, and without prejudice to the right of the plaintiff to institute another action following compliance with the statutory requirements.